

**U.S. Department of Justice**

Office of Information Policy
Suite 11050
1425 New York Avenue, NW
Washington, DC  20530-0001

Telephone: (202) 514-3642

Mr. John ▆ Wilson
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Re:   Appeal No. AP-2015-00491
      Request No. 1250235-001
      CDT:MTC

**VIA:  Appeal Portal**

Dear Mr. Wilson:

You appealed from the action of the Federal Bureau of Investigation on your request for access to records concerning yourself.

After carefully considering your appeal, I am affirming the FBI's action on your request. In order to provide you with the greatest possible access to responsive records, your request was reviewed under both the Privacy Act of 1974 and the Freedom of Information Act.  I have determined that the records responsive to your request are exempt from the access provision of the Privacy Act.  See 5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.96 (2014).  For this reason, I have reviewed your appeal under the FOIA.

The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  The FBI properly withheld certain information because it is protected from disclosure under the FOIA pursuant to:

> 5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

> 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

Furthermore, to the extent that your request seeks access to records that would either confirm or deny an individual's placement on any government watch list, the FBI properly refused to confirm or deny the existence of any records responsive to your request because the existence of such records is protected from disclosure pursuant to

- 2 -

5 U.S.C. § 552a(j)(2) & 5 U.S.C. § 552 (b)(7)(E).  FOIA Exemption 7(E) concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.  This response should not be taken as an indication that records do or do not exist.  Rather, this is the standard response made by the FBI.

  Finally, as to your appeal concerning the adequacy of the FBI's search for responsive records subject to the FOIA, I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for such records.

  Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

  If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

  For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

            Sincerely,

                       2/23/2015

X _____

Christina D. Troiani, Attorney-Advisor for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: CHRISTINA TROIANI