AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By: TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2633
Email: tara.schwartz@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILSON,<br><br>       Plaintiff,<br><br>     -v.-<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>       Defendant. | 20 Civ. 10324 (LAK) (SDA)<br><br>**ANSWER** |

   Defendant Federal Bureau of Investigation ("FBI" or "Defendant"), by its attorney

Audrey Strauss, United States Attorney for the Southern District of New York, hereby answers

the complaint ("Complaint"), filed on December 8, 2020, under the Freedom of Information Act

("FOIA") of Plaintiff John Wilson ("Plaintiff") upon information and belief as follows:

   1.  Paragraph 1 of the Complaint consists of Plaintiff's characterization of this action,

to which no response is required.  To the extent a response is deemed required, Defendant denies

the allegations in Paragraph 1.

   2.  Paragraph 2 of the Complaint consists of Plaintiff's characterization of the relief

sought in this action, to which no response is required.  To the extent a response is deemed

required, Defendant denies that Plaintiff is entitled to such relief.

3.      Paragraph 3 of the Complaint consists of legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that jurisdiction is proper in this Court.

4.      Paragraph 4 of the Complaint consists of legal conclusions regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant denies that venue is proper in this Court.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Paragraph 7 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 7 except admits that the FBI is a component of the Department of Justice.

8.      As to the allegations in paragraph 8 of the Complaint, Defendant admits that Plaintiff filed a FOIA request dated March 26, 2014, admits that a copy of that request is attached to the Complaint as Exhibit 1, and respectfully refers the Court to the March 26, 2014 request for a complete and accurate statement of its content.

9.      As to the allegations in paragraph 9 of the Complaint, Defendant admits that it provided a response, dated September 25, 2014, to Plaintiff's FOIA request, admits that a copy of that response is attached to the Complaint as Exhibit 2, and respectfully refers the Court to the September 25, 2014 response for a complete and accurate statement of its content.

10.      Paragraph 10 of the Complaint contains Plaintiff's characterization of the records he received in response to his FOIA request, to which no response is required.  To the extent a response is deemed required, Defendant admits that documents produced by the FBI to the

Plaintiff in response to his FOIA request are attached to the Complaint as Exhibit 3 and respectfully refers the Court to those records for a complete and accurate statement of their contents.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint, and lacks knowledge sufficient to form a belief as to the truth of allegations regarding Plaintiff's purported conversations and interactions with unnamed individuals.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     As to the allegations contained in paragraph 14 of the Complaint, Defendant admits that Plaintiff filed an appeal dated November 6, 2014, with the Department of Justice's Office of Information Policy ("OIP"), that a copy of that appeal is attached to the Complaint as Exhibit 4, and respectfully refers the Court to the November 6, 2014 appeal for a complete and accurate statement of its content.

15.     As to the allegations contained in paragraph 15 of the Complaint, Defendant admits that OIP affirmed the actions taken by the Defendant in a letter to Plaintiff, dated February 23, 2015, that a copy of that letter is attached to the Complaint as Exhibit 5, and respectfully refers the Court to the February 23, 2015 letter for a complete and accurate statement of its content.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint except to admit that Plaintiff filed a request on October 23, 2019, through the FBI's online portal, eFOIA.

17.     As to the allegations contained in paragraph 17 of the Complaint, Defendant admits that it provided a response, dated October 29, 2019, to Plaintiff's eFOIA request, that a

3

copy of that response letter is attached to the Complaint as Exhibit 6, and respectfully refers the Court to the October 29, 2019 response for a complete and accurate statement of its content.

18.      As to the allegations contained in paragraph 18 of the Complaint, Defendant admits that Plaintiff filed an untimely appeal, dated February 18, 2020, via email with OIP, that a copy of that appeal is attacked to the Complaint as Exhibit 7, and respectfully refers the Court to the appeal for a complete and accurate statement of its content.

19.      As to the allegations contained in paragraph 19 of the Complaint, Defendant admits that OIP affirmed the actions taken by the FBI in a letter to Plaintiff, that a copy of that letter is attached to the Complaint as Exhibit 8, and respectfully refers the Court to the letter for a complete and accurate statement of its content.

20.      Paragraph 20 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.      The allegations contained in paragraphs (A)-(H) following paragraph 20 of the Complaint and commencing with the word "WHEREFORE" constitute Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendant hereby alleges as follows:

## FIRST DEFENSE

The Complaint should be dismissed to the extent Plaintiff failed to exhaust his administrative remedies prior to filing this action.

4

## SECOND DEFENSE

If documents responsive to Plaintiff's request exist, such documents, or portions thereof, are exempt from disclosure to the extent provided by applicable FOIA exemptions, 5 U.S.C. § 552(b).

## THIRD DEFENSE

Plaintiff is not entitled to a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

## FOURTH DEFENSE

Plaintiff is not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

## FIFTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

Plaintiff is not entitled to declaratory relief under 5 U.S.C. § 552(a)(4)(B).

## EIGHTH DEFENSE

Venue in this Court is improper under 5 U.S.C. § 552(a)(4)(B).

## NINTH DEFENSE

Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings.  Accordingly, Defendants reserves the right to assert each and every affirmative or other defense that may be available, including defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests this Court to dismiss the Complaint with prejudice, enter judgment in favor of Defendant, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: March 15, 2021
New York, New York

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:     /s/ Tara Schwartz
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2633
Fax: (212) 637-2730
E-mail: tara.schwartz@usdoj.gov