UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

    Plaintiff,

             v.

FEDERAL BUREAU OF INVESTIGATON,

    Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

(1)    I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"),

Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I

was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS

Litigation Support Unit, from November 2012 to June 2016; and an Assistant General Counsel,

FBI Office of the General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from

September 2011 to November 2012.  In those capacities, I had management oversight or agency

counsel responsibility for FBI FOIA and Privacy Act ("FOIPA") litigation cases nationwide.

Prior to joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration

("DEA"), from September 2006 to September 2011, where among myriad legal responsibilities, I

advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits

nationwide.  I also served as a U.S. Army Judge Advocate General's Corps Officer in various

1

assignments from 1994 to September 2006 culminating in my assignment as Chief, General

Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S.

Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 238

FBI employees, supported by approximately 86 contractors, who staff a total of ten (10) Federal

Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service

center units whose collective mission is to effectively plan, develop, direct, and manage

responses to requests for access to FBI records and information pursuant to the FOIA as

amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA

Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential,

Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and

Congressional directives. The statements contained in this declaration are based upon my

personal knowledge, upon information provided to me in my official capacity, and upon

conclusions and determinations reached and made in accordance therewith.

(3)     Because of the nature of my official duties, I am familiar with the procedures

followed by the FBI in responding to requests for information from its files pursuant to the

provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am

aware of the FBI's handling of Plaintiff's Freedom of Information/Privacy Act requests for

records pertaining to himself.

(4)     In response to Plaintiff's three requests, the FBI processed a total of 22 pages[1] of

_____

[1] In response to Plaintiff's second FOIPA request, FOIPA Request Number I250235-001, the
FBI reviewed 21 pages of responsive records subject to the FOIPA. However, after Plaintiff
filed the complaint in this litigation, the FBI reviewed 22 pages of responsive records because of
an intervening update to RIDS's policy pertaining to the review of duplicate pages. *See* footnote
8.

responsive records subject to the FOIPA. Of these pages, the FBI released eight (8) pages in their entirety, released seven (7) pages in part, and withheld seven (7) pages in full, two (2) of which were duplicates of pages accounted for elsewhere in the FBI's production. The FBI submits this declaration in support of Defendant's Motion for Summary Judgment. It provides the Court with a brief summary of the administrative history of Plaintiff's requests; a description of the FBI's recordkeeping system; and the procedures used to search for records responsive to Plaintiff's requests.

(5)     By electronic mail ("email") dated July 27, 2021, Plaintiff's counsel represented to the United States Attorney's Office for the Southern District of New York that Plaintiff would not challenge the FBI's withholdings of records or portions of information within records. Therefore, the FBI's justification for withholding records or portions of information within records is not set forth herein.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUESTS
### FOIPA REQUEST NUMBER 1250235-000

(6)     By letter dated June 14, 2013, Plaintiff submitted a FOIPA request to the FBI seeking any and all records pertaining to himself. **(Ex. A.)**

(7)     By letter dated January 29, 2014, the FBI advised Plaintiff that it assigned his request FOIPA Request Number 1250235-000. Additionally, the FBI advised that it conducted a search of the Central Records System ("CRS"), but was unable to identify any main file records responsive to Plaintiff's request. Therefore, the FBI administratively closed the request. However, the FBI advised that an additional search could be conducted if Plaintiff provided additional information pertaining to the subject that he believed was of investigative interest to the FBI. The FBI also advised Plaintiff that, per standard FBI practice and pursuant to Privacy Act Exemption (j)(2) and FOIA Exemption (b)(7)(E) (5 U.S.C. § 552a(j)(2) and 5 U.S.C. §

3

552(b)(7)(E), respectively), its response neither confirmed nor denied the existence of Plaintiff's name on any watch lists. Finally, the FBI advised Plaintiff that he could appeal the FBI's response to the Department of Justice ("DOJ"), Office of Information Policy ("OIP"), within sixty (60) days of the date of its letter. **(Ex. B.)**

FOIPA REQUEST NUMBER 1250235-001

(8)     By email dated March 25, 2014, Plaintiff submitted a second FOIPA request to the FBI seeking any and all records pertaining to himself. By letter dated March 26, 2014, attached to the email, Plaintiff provided specific information concerning himself, including his full name, date of birth, place of birth, social security number, and work history, to assist the FBI in its efforts to locate records responsive to the request. Plaintiff also provided suggestions as to where the FBI should search for responsive records, including the FBI's electronic surveillance ("ELSUR") indices and the FBI's Electronic Case File ("ECF"), and he provided a certification of his identity.[2] **(Ex. C.)**

(9)     By letter dated May 6, 2014, the FBI acknowledged receipt of Plaintiff's request and notified Plaintiff that it had assigned the request FOIPA Request Number 1250235-001. The FBI informed Plaintiff that he could check the status of the request at www.fbi.gov/foia. **(Ex. D.)**

(10)     By letter dated September 25, 2014, the FBI advised Plaintiff that it had reviewed 21 pages and released 10 pages in full or in part. Exempt material was withheld pursuant to

---

[2] By email dated March 25, 2014, to the FBI Public Information Officer ("PIO"), Plaintiff provided a certification of his identity in the form of a U.S. Department of Justice Certification of Identity form (form DOJ-361). At this time, the FBI is unable to locate Plaintiff's completed form DOJ-361.

Privacy Act Exemption (j)(2)[3] and FOIA Exemptions (b)(6) and (b)(7)(C). The FBI also advised Plaintiff that he could appeal the FBI's response to DOJ OIP within sixty (60) days of the date of its letter. **(Ex. E.)**

(11)    By letter dated November 6, 2014, Plaintiff submitted an appeal to DOJ OIP challenging the adequacy of the FBI's search for responsive records. **(Ex. F.)**

(12)    By letter dated November 6, 2014, OIP acknowledged receipt of Plaintiff's appeal and advised Plaintiff that it assigned appeal number AP-2015-00491 to the appeal. **(Ex. G.)**

(13)    By letter sent via the appeal portal[4] to Plaintiff on February 23, 2015, OIP advised Plaintiff that it was affirming the FBI's actions in response to Plaintiff's FOIPA Request Number 1250235-001, and, therefore, OIP was closing Plaintiff's appeal. Additionally, OIP advised Plaintiff that the FBI properly conducted an adequate and reasonable search for responsive records subject to the FOIA. Finally, OIP advised Plaintiff that if he was dissatisfied with the action on his appeal, he could file a lawsuit in federal district court or seek mediation services from the Office of Government Information Services ("OGIS"). **(Ex. H.)**

FOIPA REQUEST NUMBER 1450535-000

(14)    By electronic FOIA ("eFOIA"),[5] dated October 23, 2019, Plaintiff submitted a third FOIPA request to the FBI seeking any and all records pertaining to himself. **(Ex. I.)**

---

[3] After further review, the FBI determined that it had inadvertently asserted Exemption (j)(2) on the letter. However, the FBI has determined that Exemption (k)(2) is appropriate as these records are exempt from disclosure in their entirety pursuant to the Privacy Act, Title 5, United States Code, Section 552a(k)(2).

[4] DOJ OIP maintains an online electronic appeal portal through DOJ's public website, www.justice.gov, where FOIPA requesters may submit administrative appeals to OIP and receive correspondence from OIP regarding their appeal.

[5] An eFOIA is an electronic means by which requesters can submit FOIPA requests to the FBI, online, through the FBI's public website, www.FBI.gov.

(15)    By letter dated October 29, 2019, the FBI advised Plaintiff that it had assigned the request FOIPA Request Number 1450535-000 and that it had previously reviewed and released responsive records to Plaintiff.  Additionally, the FBI advised that it had conducted another search of the CRS, but was unable to identify additional records responsive to Plaintiff's request.  The FBI advised Plaintiff that he could seek additional information regarding the FBI's determinations by visiting www.fbi.gov/foia, he could appeal the FBI's response to DOJ OIP within ninety (90) days of the date of its letter, he could contact the FBI's Public Liaison, or he could seek dispute resolution services by contacting OGIS.  **(Ex. J.)**

(16)    By email dated February 17, 2020, Plaintiff submitted an appeal to DOJ OIP challenging the adequacy of the FBI's search for responsive records.  **(Ex. K.)**

(17)    By letter dated February 20, 2020, OIP acknowledged receipt of Plaintiff's appeal and advised Plaintiff that it had assigned appeal number A-2020-00197 to his appeal.[6]  **(Ex. L.)**

(18)    By letter sent via email to Plaintiff on March 20, 2020, OIP advised Plaintiff that it was affirming the FBI's actions in response to Plaintiff's FOIPA Request Number 1450535-000 and, therefore, OIP was closing Plaintiff's appeal.  Additionally, OIP advised Plaintiff that the FBI properly conducted an adequate and reasonable search for records responsive to Plaintiff's request.  Finally, OIP advised Plaintiff that if he was dissatisfied with the action on his appeal, he could file a lawsuit in federal district court or seek mediation services from OGIS.[7]  **(Ex. M.)**

(19)    On December 8, 2020, Plaintiff filed the Complaint in the instant action.  (ECF No. 1.)

---

[6] This letter from OIP is not signed.  OIP has advised the FBI that the letter was not signed due to an OIP computer system glitch.

[7] The FBI determined that OIP sent the letter to Plaintiff via email on March 20, 2020.

6

(20)   Upon Plaintiff's filing of the Complaint, the FBI conducted a new search of the

CRS and reviewed all responsive records subject to the FOIPA previously located in response to

Plaintiff's three FOIPA requests. By letter dated April 2, 2021, the FBI advised Plaintiff that it

had reviewed 22 pages of records and released 15 pages in full or in part.[8] Exempt material was

withheld pursuant to Privacy Act Exemption (k)(2) and FOIA Exemptions (b)(6) and (b)(7)(C).

The FBI advised Plaintiff that duplicate copies of the same document were not processed and the

records were provided at no charge. Finally, the FBI advised Plaintiff that he could appeal the

FBI's response to OIP within ninety (90) days of the date of its letter, contact the FBI's Public

Liaison, or seek dispute resolution services by contacting OGIS. **(Ex. N.)**

### THE FBI'S CENTRAL RECORDS SYSTEM

(21)   In response to FOIPA requests, RIDS conducts a search of the FBI's Central

Records System ("CRS") for responsive records. The CRS is an extensive system of records

consisting of applicant, investigative, intelligence, personnel, administrative, and general files

compiled and maintained by the FBI in the course of fulfilling its mission and integrated

functions as a law enforcement, counterterrorism, and intelligence agency to include

performance of administrative and personnel functions. The CRS spans the entire FBI

organization and encompasses the records of FBI Headquarters ("FBIHQ"), FBI field offices,

and FBI legal attaché offices ("legats") worldwide.

(22)   The CRS consists of a numerical sequence of files, called FBI "classifications,"

which are organized according to designated subject categories. The broad array of CRS file

---

[8] In the records found in response to FOIPA Request Number 1250235-001 and released to
Plaintiff on September 25, 2014, five pages were removed as "duplicates" of other pages in the
release. In the FBI's April 2, 2021, release of reprocessed pages, the FBI determined that those
five pages are not exact duplicates and therefore, the FBI reviewed these pages for all reasonably
segregable, non-exempt information to be released to Plaintiff.

classification categories includes types of criminal conduct and investigations conducted by the

FBI, as well as categorical subjects pertaining to counterterrorism, intelligence,

counterintelligence, personnel, and administrative matters.  For identification and retrieval

purposes across the FBI, when a case file is opened, it is assigned a universal case file number

("UCFN") consisting of three sequential components: (a) the CRS file classification number, (b)

the abbreviation of the FBI office of origin ("OO") initiating the file, and (c) the assigned

individual case file number for that particular subject matter.[9]  Within each case file, pertinent

documents of interest are "serialized," or assigned a document number in the order in which the

document is added to the file, typically in chronological order.

THE CRS GENERAL INDICES AND INDEXING

(23)    The general indices to the CRS are the index or "key" to locating records within

the enormous amount of information contained in the CRS.  The CRS is indexed in a manner

which meets the FBI's investigative needs and priorities and allows FBI personnel to reasonably

and adequately locate pertinent files in the performance of their law enforcement duties.  The

general indices are arranged in alphabetical order and comprise an index on a variety of subjects

to include individuals, organizations, events, and other subjects of investigative interest that are

indexed for future retrieval.  The entries in the general indices fall into two categories:

> A:  Main entry.  A main index entry is created for each individual or non-
>
> individual that is the subject or focus of an investigation.  Main subjects are
>
> identified in the case title of a file.
>
> B.  Reference entry.  A reference index entry is created for an individual or non-

---

[9] For example, in fictitious file number "11Z-HQ-56789," "11Z" indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and "56789" is the assigned case specific file number.

individual associated with an investigation, but who is not the main subject or focus of the investigation.  Reference subjects are typically not identified in the case title of a file.

(24)    FBI employees may index information in the CRS by individual (persons), by organization (entities, places, and things), and/or by event (*e.g.,* a terrorist attack or bank robbery).  Indexing information in the CRS is done at the discretion of FBI investigators when information is deemed of sufficient significance to warrant indexing for future retrieval. Accordingly, the FBI does not index every individual name or other subject in the general indices.

AUTOMATED CASE SUPPORT

(25)    The Automated Case Support system ("ACS") was an electronic, integrated case management system that became effective for FBIHQ and all FBI field offices and legats on October 1, 1995.  As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices.  ACS had an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its mission and myriad functions.[10]

(26)    The Universal Index ("UNI") was the automated index of the CRS, searchable via ACS.  It provided all offices of the FBI with a centralized, electronic means of indexing pertinent investigative information into FBI files for future retrieval via index searching.  Individual names

---

[10] ACS was, and the next generation Sentinel system is, relied upon by the FBI daily to fulfill essential functions, such as conducting: criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries; and security screening, to include presidential protection.

were recorded with applicable identifying information, such as date of birth, race, sex, locality, social security number, address, and/or date of an event. ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompassed data indexed in the prior automated systems superseded by ACS. As such, a UNI index search in ACS could locate FBI records in both paper and electronic formats created before its 1995 FBI-wide implementation.[11]

ACS AND SENTINEL

(27)    Sentinel is the FBI's next generation case management system that became effective FBI-wide on July 1, 2012. Sentinel provides a web-based interface to FBI users and includes the same automated applications that were utilized in ACS. After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel; however, Sentinel did not replace the relevance of ACS as an important FBI search mechanism. Just as pertinent information was indexed into UNI for records generated in ACS before July 1, 2012, when a record is generated in Sentinel, information is indexed for future retrieval.

(28)    On August 1, 2018, ACS was decommissioned and ACS data migrated into Sentinel, including the ACS indices data and digitized investigative records formerly available in ACS. Sentinel retains the index search methodology and function whereby the CRS is queried, now via Sentinel, for pertinent indexed main and reference entries in case files. All CRS index data from the UNI application previously searched via ACS is now searched through the "ACS Search" function within Sentinel.

(29)    ACS was still operational at the time of Plaintiff's first and second requests,

---

[11] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remained searchable by manual review of index cards, known as the "manual indices."

FOIPA Request Numbers 1250235-000 and 1250235-001. At that time, RIDS's practice was to begin its FOIPA searching efforts by conducting an index search via the UNI application in ACS. If records were reasonably expected to have been created on or after July 1, 2012, RIDS would then conduct an index search of Sentinel records to ensure it captured all relevant data indexed after the implementation of Sentinel. After ACS was decommissioned, upon receipt of a FOIPA request[12] where the subject matter predates the implementation of Sentinel, RIDS generally begins its FOIPA searching efforts by conducting index searches via the "ACS Search" function in Sentinel. RIDS then builds on its ACS index search by conducting an index search of Sentinel records to ensure it captures all relevant data indexed after the implementation of Sentinel. A search of the CRS automated indices, available within Sentinel and via the ACS search function in Sentinel, in most cases, represents the most reasonable means for the FBI to locate records potentially responsive to FOIPA requests. This is because the automated indices provide access to a comprehensive, agency-wide set of indexed data on a wide variety of investigative and administrative subjects. Currently, the automated indices consist of millions of searchable records and are updated daily with material newly indexed in Sentinel.

(30)    The identification of records indexed to the subject of a FOIPA request does not automatically mean the indexed records are responsive to the subject. Index searches are the means by which potentially responsive records are located, but ultimately, a FOIPA analyst must consider potentially responsive indexed records against the specific parameters of individual requests. Responsiveness determinations are made once indexed records are gathered, analyzed, and sorted by FOIPA analysts who then make informed scoping decisions to determine the total

---

[12] ACS was decommissioned at the time of Plaintiff's third request, FOIPA Request Number 1450535-000.

11

pool of records responsive to an individual request.

ELECTRONIC SURVEILLANCE INDICES

(31)    The electronic surveillance ("ELSUR") indices comprise records related to

electronic surveillance sought, administered, and/or conducted by the FBI. The ELSUR indices

include records of: (a) targets of electronic surveillance obtained pursuant to court order,

consensual monitoring, or other authority; (b) owners, lessors, or licensors of the premises where

the FBI conducted electronic surveillance; (c) and individuals identified as participants of

recorded communications. The ELSUR indices is a separate system of records, but this does not

mean that the data housed within the ELSUR indices is not also available in the CRS, because

targets of electronic surveillance are also indexed in the CRS. Electronic surveillance is an

investigative technique pursued in furtherance of FBI investigations and the opening of an

investigation (and subsequent indexing of targets of the investigation) would be a prerequisite to

the initiation of electronic surveillance. Thus, searches of the CRS, employing the UNI

application of ACS[13] or the Sentinel indices and ACS indices available through Sentinel, are

reasonably expected to locate records relating to electronic surveillance.

ELECTRONIC CASE FILE

(32)    The Electronic Case File ("ECF") was an automated application of ACS and

Sentinel. When ACS was in use, electronic copies of paper documents were uploaded to the

ECF and index records were entered into the UNI application using terms related to the subjects

and references in the case so that relevant and useful investigative case information could later

be retrieved. After ACS was decommissioned, the ACS data is accessed using the ACS

---

[13] As discussed in ¶¶ 28-29 *supra*, ACS was decommissioned on August 1, 2018. Upon receipt
of FOIPA requests after August 1, 2018, the FBI conducts searches of the CRS employing the
Sentinel and ACS indices available through Sentinel.

automated search function found in Sentinel as stated above. *See* ¶ 28 *supra.* ECF is no longer

an accessible application in ACS or Sentinel. However, its function is similar to a text search of

electronically available text-based documents as it once served as the central electronic

repository for the FBI's official text-based documents.

(33)    Plaintiff's second request, FOIPA Request Number 1250235-001, requested that

the FBI conduct a search of the ECF. The FBI generally does not conduct full text searches in

response to FOIA and Privacy Act requests without a bona fide factual indication that one is

needed and the FBI's search would not be considered reasonable without such a text search. In

most cases, this extraordinary measure of performing a text search in ECF is unduly burdensome

and not reasonably calculated to locate responsive records because not all files are searchable

through a text search and not all file serials have been converted to electronic format. While the

FBI's indices are electronically searchable, as described *supra*, a large portion of the FBI records

they correspond to are not in electronic form.

(34)    Searching the indices is the most reasonable way to locate records responsive to

FOIPA requests because of the index-based structure of the CRS. Generally, subjects that are

not indexed in the CRS (previously via ACS and, as of July 1, 2012, via Sentinel) are those

deemed to have no long-lasting significance to the FBI. Such subjects are usually incomplete

names and are often unaccompanied by any other identifying information. Text searches,

sometimes even after search results are narrowed (or "filtered"), generally return a significant

number of hits that are random and incomplete references. Performing such a search would

require RIDS to review each one of these hits to determine whether it pertains to the specific

subject of a request; thus, text searches are unduly burdensome and, as described *supra*, are not

reasonably calculated to locate responsive records. Therefore, the net result of a text search is

typically a significant use of time and resources that may yield no additional responsive information.

(35)    There are limited situations when RIDS may conduct a text search of the CRS, such as when: (a) the FBI has a factual basis to conclude that responsive records exist in the CRS, but the index search failed to locate them; or (b) an index search of the CRS located a record that itself provided a clear and certain lead to the existence of another CRS record that was not located via the index search.  This is not the case here because RIDS conducted its search using the requester's name and names of individuals are reasonably likely to be indexed in the CRS, and there is no basis to conclude that responsive records exist other than those identified.  The FBI adheres to the legally supported principle of reasonableness when conducting searches for records in response to FOIPA requests.  In response to Plaintiff's FOIPA requests for records on an individual, the FBI's search was reasonably designed to locate (and did locate) responsive records.

(36)    As discussed in ¶ 43 *infra*, any responsive records or information within the ECF would be duplicative of information available within the Sentinel indices and ACS indices available in Sentinel.

## ADEQUACY OF SEARCHES

(37)    Main and Reference Files.  At the administrative stage, in response to most FOIPA requests, RIDS policy is to conduct a search of the CRS focused on identifying only responsive main files.  Subsequent to the filing of a complaint, per its policy, RIDS generally conducts an additional search of the CRS to locate main files not previously identified and to locate reference files.  Upon Plaintiff's filing of the complaint in this litigation, RIDS conducted a fourth search of the CRS (via Sentinel and the ACS indices available through Sentinel) using

the search term "John Wilson." As a result, RIDS identified the same reference file found in the three searches conducted in response to FOIPA Request Numbers 1250235-000, 1250235-001, and 1450535-000. RIDS reprocessed the file because of a change in how RIDS handles duplicate pages and to ensure it had released all reasonably segregable, non-exempt information and to apply numerical codes that coincide with various categories of exempt information.

(38)    Index Searching. As explained in ¶¶ 23-24 *supra*, to locate CRS information, RIDS employs an index search methodology. Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval to serve its law enforcement and intelligence gathering functions. Given the broad range of indexed material in terms of both time frame and subject matter that it can locate in FBI files, a search of the automated indices available through Sentinel (including through the ACS search function in Sentinel) is the mechanism RIDS employs to conduct CRS index searches.

(39)    CRS Search and Results. As explained in detail below, in response to Plaintiff's first and second requests, FOIPA Request Numbers 1250235-000 and 1250235-001, RIDS conducted an index search of the CRS employing the UNI application of ACS to identify potentially responsive records. In response to Plaintiff's third request, FOIPA Request Number 1450535-000, RIDS conducted an index search of the CRS employing the Sentinel and ACS indices available through Sentinel to identify potentially responsive records.

FOIPA REQUEST NUMBER 1250235-000

(40)    In response to Plaintiff's first request, RIDS conducted a CRS index search for potentially responsive records employing the UNI application of ACS using the search terms "John C Wilson" and "John Wilson." As a result of this search effort, RIDS identified one

15

reference file. However, because RIDS policy, generally, is to identify only main files responsive to a FOIPA request at the administrative stage, because Plaintiff did not ask for reference files in the first request letter, and because Plaintiff failed to provide information in the first request letter that could have allowed RIDS to determine that the reference file was responsive, that one identified reference file was not processed. *See* ¶ 37 *supra.*

## FOIPA REQUEST NUMBER 1250235-001

(41)    In response to Plaintiff's second request, RIDS conducted a CRS index search for potentially responsive records employing the UNI application of ACS using the search terms "John Christian Wilson," "John C Wilson," and "John Wilson." As a result of this search effort, RIDS identified one reference file.[14] In response to the second request, RIDS processed the reference file because in the second request letter, Plaintiff asked for the identification of both main and reference files and because he provided additional information that allowed RIDS to assess the responsiveness of the reference file. Thus, no new files were identified; instead, the previously identified file was processed as a result of this search effort.

## FOIPA REQUEST NUMBER 1450535-000

(42)    In response to Plaintiff's third request, RIDS conducted a CRS index search for potentially responsive records employing the Sentinel and ACS indices available through Sentinel using the search term "John Wilson."[15] As a result of this search effort, RIDS identified the same reference file identified in the previous two searches, but did not locate any additional

---

[14] The FBI located the same reference file that was found in the search effort for FOIPA Request Number 1250235-000. Due to Plaintiff's specific request for main and reference files, the FBI processed the reference file records and released the processed records to Plaintiff. *See* ¶ 10 *supra.*

[15] An automated search of the Sentinel indices incorporates multiple variations of the search term including: first and last names; first name, middle initial, and last name; and first, middle, and last names, as well as any spelling variations.

records potentially responsive to Plaintiff's request.

(43)   Scope of Search. RIDS conducted a search reasonably calculated to locate records responsive to Plaintiff's requests. Given its comprehensive nature and scope, the CRS, which is the FBI's principal records system, is the records system searched by RIDS to locate information responsive to most FOIPA requests, because the CRS is where the FBI indexes information about individuals, organizations, and other subjects of investigative interest for future retrieval. See ¶ 23 supra. Because Plaintiff's requests seek information about himself, such information would reasonably be expected to be located in the CRS via the index search methodology. In this case, any responsive records or information within the ELSUR indices or in ECF would be duplicative of information available within the Sentinel indices and ACS indices available in Sentinel; thus, a search of the Sentinel indices and ACS indices available in Sentinel accomplished the task of locating responsive records, if any, in the ELSUR indices and via an ECF text search.

(44)   RIDS search policy is grounded on the principle of reasonableness, not mere possibility. Plaintiff provided no information for RIDS to reasonably conclude that records would reside outside the CRS. Moreover, there is no indication within the records located via the CRS index searches that responsive records reside in any other location. Therefore, there is no basis for RIDS to conclude that a search elsewhere could reasonably be expected to locate additional responsive records.

(45)   Records Located. As discussed in ¶ 20 supra, the FBI reviewed 22 pages and released 15 of those pages in full or in part. The reference file located concerned the FBI's investigation of Plaintiff's complaint to DOJ's Office of the Inspector General ("OIG"). The OIG forwarded Plaintiff's allegation of misconduct by FBI employees to the FBI's Inspection

Division ("INSD"), which reviews and investigates allegations of criminal behavior and other types of misconduct of FBI employees. The file was opened after the OIG forwarded plaintiff's allegation to house any documentation of the INSD's review and investigation. As such, the records were compiled for a law enforcement purpose. No other records responsive to Plaintiff's requests were located.

(46)     Review of Records. All responsive records are exempt from mandatory disclosure pursuant to Privacy Act Exemption (k)(2) as the records were compiled for a law enforcement purpose, other than a criminal investigation. *See* ¶ 45 *supra*. However, all responsive records were reviewed under the access provisions of the FOIA to achieve maximum disclosure. Every effort was made to provide Plaintiff with all reasonably segregable, non-exempt information within the responsive records. The reviewed records have been consecutively numbered FBI(20-cv-10324)-1 through FBI(20-cv-10324)-22. Pages withheld in their entirety, because of exemptions or because they are duplicates, were referenced on a "Deleted Page Information Sheet," which identifies the reason and applicable FOIA exemption(s) relied upon to withhold the page in full, as well as the Bates numbers for the withheld pages. The Deleted Page Information Sheet and Bates-numbered pages released in full and in part were provided to Plaintiff as described in ¶ 20 *supra*. The exemptions asserted by the FBI to withheld information are FOIA Exemptions (b)(6) and (b)(7)(C).

## CONCLUSION

(47)     The FBI performed adequate and reasonable searches for responsive records; properly determined that certain information should be withheld under the Privacy Act Exemption (k)(2) and FOIA Exemptions (b)(6) and (b)(7)(C); and released all reasonably segregable, non-exempt information from records responsive to Plaintiff's three FOIPA requests.

18

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through N attached hereto are true and correct copies.

Executed this ___3/51___ day of August 2021.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

      Plaintiff,

              v.

FEDERAL BUREAU OF INVESTIGATON,

      Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# <u>Exhibit A</u>

27 Manns Avenue
Greenwich, NSW 2065
Australia

June 14, 2013

Federal Bureau of Investigation
Records/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

FREEDOM OF INFORMATION ACT / PRIVACY ACT REQUEST

Dear Sir or Madam:

This is a request for records under the provisions of the Freedom of Information Act and the
Privacy Act. Please process this request under both statutes to release the maximum number of
records.

I request copies of all files, correspondence, or other records concerning myself. To assist you
with this search I am providing the following information about myself:

My full name: John Christian Wilson

Other names used: _____

My date of birth: ██████████████              FRCP 5.2

My place of birth ██████████████

My Social Security number: ██████████

Please search both your automated indices and the older general (manual) indices, as well as all
Field Offices.

This is an individual request for research and study purposes, and I agree that I will pay up to
$30 for fees, if necessary. Please notify me in advance if fees are expected to exceed that
amount. If the file is likely to result in more than 250 pages, I would appreciate receiving a digital
copy of the file on a CD-ROM rather than in paper form.

If you have any questions, please call me at +612 9439 1919.

Under penalty of perjury, I hereby declare that I am the person named above and I understand
that any falsification of this statement is punishable under the provisions of Title 18, United
States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not
more than five years, or both; and that requesting or obtaining any record(s) under false
pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a
misdemeanor and by a fine of not more than $5,000.

Sincerely,

John Christian Wilson

Former US address
170 West 74th St
New York, NY 10023

2 7 JAN 2014

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

     Plaintiff,

                v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **<u>Exhibit B</u>**



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 29, 2014

MR. JOHN CHRISTIAN WILSON
27 MANNS AVENUE
GREENWICH, NSW 2065
AUSTRALIA

FOIPA Request No.: 1250235-000
Subject: WILSON, JOHN CHRISTIAN

Dear Mr. Wilson:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify main file records responsive to the FOIPA.   If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E)/ Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.    Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **A criminal history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/6/14

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal          privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

      Plaintiff,

             v.

FEDERAL BUREAU OF INVESTIGATON,

      Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **Exhibit C**

avid P.

John Wilson [johncwilson74@bigpond.com]
Wednesday, April 30, 2014 5:55 PM
Sobonya, David P.
sobel@eff.org
RE: FOI request - John Wilson

To:
Cc:
Subject:

Dear Mr Sobonya,

You will see your email to me below of 26 March 2014 acknowledging receipt of the revised FOIA request. I am asking whether this revised FOIA which provides further details as requested will be processed within the mandatory 20 day period by the FBI.

Please confirm.

Thank you.

John Wilson

**From:** Sobonya, David P. [mailto:David.Sobonya@ic.fbi.gov]
**Sent:** Thursday, 1 May 2014 2:21 AM
**To:** John Wilson
**Subject:** RE: FOI request - John Wilson

Dear Mr. Wilson,

The above FOIPA request (#1250235-000) was closed and a NO RECORD response letter was mailed to you on 1-29-2014.

Thank you,

**David P. Sobonya**
**Public Information Officer/Legal Admin. Specialist**
**Record/Information Dissemination Section (RIDS)**
**FBI-Records Management Division**
**170 Marcel Drive, Winchester, VA 22602-4843**
**PIO: (540) 868-4593**
**Direct: (540) 868-4286**
**Fax: (540) 868-4391/4997**

**From:** John Wilson [mailto:johncwilson74@bigpond.com]
**Sent:** Wednesday, April 30, 2014 2:14 AM
**To:** Sobonya, David P.
**Cc:** sobel@eff.org
**Subject:** FW: FOI request - John Wilson

Dear Mr Sobonya,

I am not sure if you received the below email. Could you please confirm whether the FBI will comply with the mandatory 20 day response time for the below FOIA request and anticipated timing of the FBI response.

Thank you.

0 6 MAY 2014

1

John Wilson

**From:** John Wilson [mailto:johncwilson74@bigpond.com]
**Sent:** Friday, 25 April 2014 7:53 AM
**To:** 'Sobonya, David P.'
**Cc:** 'sobel@eff.org'
**Subject:** RE: FOI request - John Wilson

ATTN: FBI FOIA

Dear Mr Sobonya,

Could you please confirm whether the FBI will comply with the mandatory 20 day response time for the below FOIA request and anticipated timing of the FBI response.

Thank you.

John Wilson

**From:** Sobonya, David P. [mailto:David.Sobonya@ic.fbi.gov]
**Sent:** Wednesday, 26 March 2014 9:45 PM
**To:** John Wilson
**Subject:** RE: FOI request - John Wilson

Dear Mr. Wilson,

The FBI has received your Freedom of Information Act/Privacy (FOIPA) request and it will be forwarded to Initial Processing for review.   Your request will be processed under the provisions of FOIPA and a response will be mailed to you at a later date.

Requests for fee waivers and expedited processing will be addressed once your request has been assigned an FOIPA request number. You will receive written notification of the FBI's decision.

Information regarding the Freedom of Information Act/Privacy is available at http://www.fbi.gov/ or http://www.fbi.gov/foia/.  If you require additional assistance please contact the Public Information Officer.

Thank you,



**David P. Sobonya**
**Public Information Officer/Legal Admin. Specialist**
**Record/Information Dissemination Section (RIDS)**
**FBI-Records Management Division**
**170 Marcel Drive, Winchester, VA 22602-4843**
**PIO: (540) 868-4593**
**Direct: (540) 868-4286**
**Fax: (540) 868-4391/4997**

**From:** John Wilson [mailto:johncwilson74@bigpond.com]
**Sent:** Tuesday, March 25, 2014 4:26 PM
**To:** Sobonya, David P.
**Cc:** sobel@eff.org; FOIPARequest
**Subject:** RE: FOI request - John Wilson

2

Hi David,

Please find revised FOI request and signed privacy statement attached.

Regards.

John Wilson

**From:** Sobonya, David P. [mailto:David.Sobonya@ic.fbi.gov]
**Sent:** Wednesday, 26 March 2014 7:00 AM
**To:** John Wilson
**Subject:** RE: FOI request - John Wilson

Dear Mr. Wilson,

The FBI has received your Freedom of Information Act/Privacy (FOIPA) request.    Before we can process your request you must complete and submit the **U. S. Department of Justice** (*Certification of Identity*) **Form DOJ-361.** Privacy Act requests (records about yourself); requires an original and legible signature, and the "penalty of perjury statement" which is included on the Form DOJ-361.

If you do not wish to use the Form DOJ-361, your request must be accompanied by a notarized signature or a statement signed under penalty of perjury stating that you are the person that you say you are. The statement should be above your signature and state, "I declare under penalty of perjury that the foregoing is true and correct.   Executed on [date]."

The Form DOJ-361 is available at http://www.fbi.gov/ under the **Freedom of Information Act/Privacy** link, or http://www.fbi.gov/foia/. The form may be mailed or faxed to the FBI at the address/number below.  A scanned copy is acceptable if sent by electronic means but the FBI does not accept electronic signatures.   You may submit an attachment listing additional information that may aid in locating responsive records.   **Please place your name and contact information on the attachment.**

If you are requesting a copy or wish to challenge your Criminal History Summary Check often referred to as a (Rap Sheet) or a Criminal Background Check, please contact the FBI's Criminal Justice Information Services Division (CJIS) at (304) 625-2000 or write to: FBI, CJIS Division, Attention: Record Request, 1000 Custer Hollow Road, Clarksburg, WV  26306.

If you require additional assistance please contact me.

Thank you,

**David P. Sobonya**
**Public Information Officer/Legal Admin. Specialist**
**Record/Information Dissemination Section (RIDS)**
**FBI-Records Management Division**
**170 Marcel Drive, Winchester, VA 22602-4843**
**PIO: (540) 868-4593**
**Direct: (540) 868-4286**
**Fax: (540) 868-4391/4997**

**From:** John Wilson [mailto:johncwilson74@bigpond.com]
**Sent:** Tuesday, March 25, 2014 3:58 PM
**To:** Sobonya, David P.
**Cc:** FOIPARequest; sobel@eff.org
**Subject:** FOI request - John Wilson

Please find FOI request attached for JOHN CHRISTIAN WILSON.

## Sobonya, David P.

| | |
|---|---|
| **From:** | John Wilson [johncwilson74@bigpond.com] |
| **Sent:** | Tuesday, March 25, 2014 4:26 PM |
| **To:** | Sobonya, David P. |
| **Cc:** | sobel@eff.org; FOIPARequest |
| **Subject:** | RE: FOI request - John Wilson |
| **Attachments:** | FBI FOI request and privacy declaration 26 March 2014.pdf |

Hi David,

Please find revised FOI request and signed privacy statement attached.

Regards.

John Wilson

**From:** Sobonya, David P. [mailto:David.Sobonya@ic.fbi.gov]
**Sent:** Wednesday, 26 March 2014 7:00 AM
**To:** John Wilson
**Subject:** RE: FOI request - John Wilson

Dear Mr. Wilson,

The FBI has received your Freedom of Information Act/Privacy (FOIPA) request.   Before we can process your request you must complete and submit the **U. S. Department of Justice (*Certification of Identity*) Form DOJ-361.** Privacy Act requests (records about yourself); requires an original and legible signature, and the "penalty of perjury statement" which is included on the Form DOJ-361.

If you do not wish to use the Form DOJ-361, your request must be accompanied by a notarized signature or a statement signed under penalty of perjury stating that you are the person that you say you are. The statement should be above your signature and state, "I declare under penalty of perjury that the foregoing is true and correct.  Executed on [date]."

The Form DOJ-361 is available at http://www.fbi.gov/ under the **Freedom of Information Act/Privacy** link, or http://www.fbi.gov/foia/.  The form may be mailed or faxed to the FBI at the address/number below.  A scanned copy is acceptable if sent by electronic means but the FBI does not accept electronic signatures.   You may submit an attachment listing additional information that may aid in locating responsive records.  **Please place your name and contact information on the attachment.**

If you are requesting a copy or wish to challenge your Criminal History Summary Check often referred to as a (Rap Sheet) or a Criminal Background Check, please contact the FBI's Criminal Justice Information Services Division (CJIS) at (304) 625-2000 or write to: FBI, CJIS Division, Attention: Record Request, 1000 Custer Hollow Road, Clarksburg, WV  26306.

If you require additional assistance please contact me.

Thank you,

**David P. Sobonya**
**Public Information Officer/Legal Admin. Specialist**
**Record/Information Dissemination Section (RIDS)**
**FBI-Records Management Division**
**170 Marcel Drive, Winchester, VA 22602-4843**
**PIO: (540) 868-4593**
**Direct: (540) 868-4286**

Fax: (540) 868-4391/4997

**From:** John Wilson [mailto:johncwilson74@bigpond.com]
**Sent:** Tuesday, March 25, 2014 3:58 PM
**To:** Sobonya, David P.
**Cc:** FOIPARequest; sobel@eff.org
**Subject:** FOI request - John Wilson

Please find FOI request attached for JOHN CHRISTIAN WILSON.

Date 26 March 2014

Federal Bureau of Investigation
Att'n: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

VIA EMAIL: foiparequest@ic.fbi.gov

## Re: Freedom of Information Act Request

Dear Sir or Madam:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552.

I request disclosure of all agency records concerning, naming, or relating to me.  I
specifically request that the FBI perform a complete and thorough search of all filing
systems and locations for all records maintained by the Bureau pertaining to me.  Such a
search should include, but not be limited to, files and documents captioned in (or whose
captions include) my name in the title.  The FBI should search the Central Records
System, Electronic Surveillance Records (ELSUR), and Electronic Case File (ECF).
Further, I specifically request that the Bureau conduct a text search of the ECF to
identify all potentially responsive main and cross-reference files.  The FBI's search
should include "main" files and "see references."

In the event that you determine that some responsive material might be exempt from
disclosure under FOIA, please indicate the specific exemption or exemptions upon
which the agency relies.  I agree to incur legally assessable processing fees not to
exceed $100.

To assist the Bureau in conducting a comprehensive search, I provide some relevant
background information.  My full name is JOHN CHRISTIAN WILSON.  I was born in
███████████ on ████████ My social security number is ███████ My            FRCP 5.2
US passport number is: ████████

I was a mining company equity analyst on Wall Street from 1994 to 1998.  I am a citizen of
the United States, and lived in the United States for many years, principally in New York
and Philadelphia, where I received an MBA degree from Wharton.  Currently I reside in
Australia.

In 1996, in the course of performing my duties as a mining industry analyst for SG Warburg
(which subsequently became part of SBC Warburg, thence UBS Warburg), the company
published one of my reports containing information pertaining to an extended shutdown of

the NYSE publicly traded U.S. mining company Freeport McMoran owned Grasberg mine in Indonesia. According to press reports at the time and other sources, the company was under investigation by the U.S. Department of State following eyewitness allegations it had been involved in the killing of indigenous protestors. A source indicated to me that there had been a confidential reprimand of the company by the U.S. Department of State following completion of an interim investigation into human rights and environmental abuses.

For the many years following the 1996 publication of information regarding the Freeport McMoran killings, I have had contact with multiple individuals who indicated that they were associated with the FBI and some who made reference to the Freeport McMoran matter. As a result, I believe it is likely that the Bureau maintains information about me stemming from the 1996 report, related and potentially other matters. I have been approached by undercover agents/employees/others that work for or on behalf of the FBI and which include multiple meetings with each during various periods between 1996 and 2010. In particular:

- Michael Mills: the FBI agent who moved into my apartment in NYC and occupied it for several years when I sublet it before my return to Australia.

- Kathleen Walton: former mining analyst at Merrill Lynch in NYC.

- Matthew Levey - Kroll Associates, Inc (New York City midtown office): consulting work case manager 2003 and 2004. Former State Department employee.

- Jeffrey S Robards: corporate finance, formerly Ernst & Young (E&Y) NYC. Now working for C.W. Downer & Co - a boutique M&A firm in Boston. (http://www.cwdowner.com/index.php?option=com_content&view=article&id=42&Itemid=23)

- Stephan Chenault and John Klotz: volunteers Sierra Club NYC Group since 1990s.

- Ben Worden, Rob Haggerty and Allison Dey (Tucson area): FBI agents involved with Diamond Mountain Buddhist group in southern Arizona and California.

- George Schneider and Livingston Sutro (Sierra Vista, AZ); Jennifer Conner (NYC): Associated with Diamond Mountain Buddhist group in southern Arizona.

- Paul Whitby (Tucson): biologist.

- Robert Schultz - Albuquerque based head hunter. MRC Mining Search. http://www.miningsearch.com/mining-search/our-team/

- Steven D. Garber - (wife Andrea - collaborator) additional details: biologist; lived in Manhattan for much of the 1990s, before taking a two year posting to teach biology at Embry Riddle in Prescott, AZ. Books authored include The Urban Naturalist (New York.

John Wiley and Sons. 1987). PhD in Ecology, Environmental Sciences - Rutgers, The State University of New Jersey-Newark. B.S. in Natural Resources - Cornell University.

- Susan Ackerson Holmes (born ███ - extensive interview in New York in 2003, former board member of the Sierra Club and subsequently an employee of the Sierra Club. Susan Holmes showed me her FBI identification card and identified herself as working for the FBI.    FRCP 5.2

As the FOIA requires, I will anticipate your response to this request within twenty working days. Please feel free to contact me at the e-mail address or telephone number indicated below if you wish to discuss this request. Alternatively, my FOI attorney David Sobel can be contacted at Electronic Frontier Foundation, phone number in Washington D.C. (202-246-6180).

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

John Wilson
27 Manns Avenue
Greenwich, NSW 2065
Australia

E: johncwilson74@bigpond.com.au
T: +61 2 9439 1919

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

      Plaintiff,

              v.

FEDERAL BUREAU OF INVESTIGATON,

      Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# <u>Exhibit D</u>



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

May 6, 2014

MR. JOHN CHRISTIAN WILSON
27 MANNS AVENUE
GREENWICH, NSW 2065
AUSTRALIA

FOIPA Request No.: 1250235-001
Subject: WILSON, JOHN CHRISTIAN

Dear Mr. Wilson:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☑     Your request has been received at FBI Headquarters for processing.

☐     Your request has been received at the [_____ Resident Agency / _____ Field Office] and forwarded to FBI Headquarters for processing.

☑     We are searching the indices to our Central Records System for the information responsive to this request.   We will inform you of the results in future correspondence.

☐     Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☑     Please check for the status of your FOIPA request at www.fbi.gov/foia.

The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

      Plaintiff,

            v.

FEDERAL BUREAU OF INVESTIGATON,

      Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **<u>Exhibit E</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 25, 2014

MR. JOHN CHRISTIAN WILSON
27 MANNS AVENUE
GREENWICH, NSW 2065
AUSTRALIA

FOIPA Request No.: 1250235-001
Subject: WILSON, JOHN CHRISTIAN

Dear Mr. Wilson:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

|  | **Section 552** |  |  |  | **Section 552a** |
|---|---|---|---|---|---|
| ☐ | (b)(1) | ☐ | (b)(7)(A) | ☐ | (d)(5) |
| ☐ | (b)(2) | ☐ | (b)(7)(B) | ☑ | (j)(2) |
| ☐ | (b)(3) | ☑ | (b)(7)(C) | ☐ | (k)(1) |
|  | _____ | ☐ | (b)(7)(D) | ☐ | (k)(2) |
|  | _____ | ☐ | (b)(7)(E) | ☐ | (k)(3) |
|  | _____ | ☐ | (b)(7)(F) | ☐ | (k)(4) |
| ☐ | (b)(4) | ☐ | (b)(8) | ☐ | (k)(5) |
| ☐ | (b)(5) | ☐ | (b)(9) | ☐ | (k)(6) |
| ☑ | (b)(6) |  |  | ☐ | (k)(7) |

21 pages were reviewed and 10 pages are being released.

☐ Document(s) were located which originated with, or contained information concerning, other Government agency(ies) [OGA].

   ☐ This information has been referred to the OGA(s) for review and direct response to you.
   ☐ We are consulting with OGA(s).   The FBI will correspond with you regarding this information when the consultation is finished.

☑ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited

to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

☑ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

In response to your Freedom of Information/Privacy Acts (FOIPA) request submitted to the Records Management Division at Winchester, VA, enclosed is a processed copy of the responsive FBI Headquarters document.

The enclosed responsive document represents the final release of information responsive to your Freedom of Information Act (FOIA) request.

The enclosed documents responsive to your request are exempt from disclosure in their entirety pursuant to the Privacy Act, Title 5, United States Code, Section 552a(a), subsection (j)(2). However, these records have been processed pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, thereby affording you the greatest degree of access authorized by both laws.

This material is being provided to you at no charge.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

      Plaintiff,

                v.

FEDERAL BUREAU OF INVESTIGATON,

      Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **Exhibit F**

*Protected*

## Request Summary Report
### *AP-2015-00491 / PB - wilson, john [Other Requester]*

| | | | |
|---|---|---|---|
| *Track:* | Simple | *Date on Request:* | 2014-11-03 |
| *Perfected:* | | *Date Initially Received:* | 2014-11-03 |
| *Due:* | | *Requester File Ref. #:* | |
| *Completed:* | | *Jacket Number:* | |
| *Officer Assigned:* | Bucket, Portal | *Coordination CAIR:* | No |
| *Decision Maker:* | | *Request Transferred In:* | No |
| *Deadline:* | 30 | *Response Time:* | 0 |

| | | |
|---|---|---|
| *Organization:* | *Telephone:* | |
| *Address:* | *Fascimile:* | |
| | *Other Telephone:* | |
| | *Email:* | johncwilson74@bigpond.com.au |

*Protected*

# *Request Summary Report*
## *AP-2015-00491 / PB - wilson, john [Other Requester]*

*Summary:*
*Request Text:*

Date 6 November 2014

Director, Office of Information Policy (OIP),
U.S. Department of Justice,

Re: Freedom of Information Act Request Appeal

FOIPA Request No.: 1250235-001
Subject: WILSON, JOHN CHRISTIAN

Dear Sir or Madam:

This letter constitutes an appeal request relating to FOIPA Request No.: 1250235-001

I request disclosure of all agency records concerning, naming, or relating to me.

I specifically request that the FBI/DOJ perform a complete and thorough search of all filing systems and
locations for all records maintained by the Bureau/DOJ pertaining to me. Such a search should include, but not
be limited to, files and documents captioned in (or whose captions include) my name in the title. The FBI/DOJ
should search the Central Records System, Electronic Surveillance Records (ELSUR), and Electronic Case File
(ECF). Further, I specifically request that the Bureau conduct a text search of the ECF to identify all potentially
responsive main and cross-reference files. The FBI's/DOJ search should include "main" files and "see
references."

I agree to incur legally assessable processing fees not to exceed $100.

In 1996, in the course of performing my duties as a mining industry analyst for SG Warburg (which subsequently
became part of SBC Warburg, thence UBS Warburg), the company published one of my reports containing
information pertaining to an extended shutdown of the NYSE publicly traded U.S. mining company Freeport
McMoran owned Grasberg mine in Indonesia. According to press reports at the time and other sources, the
company was under investigation by the U.S. Department of State following eyewitness allegations it had been
involved in the killing of indigenous protestors. A source indicated to me that there had been a confidential
reprimand of the company by the U.S. Department of State following completion of an interim investigation into
human rights and environmental abuses.

For the many years following the 1996 publication of information regarding the Freeport McMoran killings, I have
had contact with multiple individuals who indicated that they were associated with the FBI and some who made
reference to the Freeport McMoran matter. As a result, I believe it is likely that the Bureau maintains information
about me stemming from the 1996 report, related and potentially other matters. I have been approached by
undercover agents/employees/others that work for or on behalf of the FBI and which include multiple meetings
with each during various periods between 1996 and 2010. In particular:
-        Paul Whitby (Tucson): biologist.
-        Steven D. Garber - (wife Andrea  collaborator) additional details: biologist; lived in Manhattan for much
of the 1990s, before taking a two year posting to teach biology at Embry Riddle in Prescott, AZ. Books authored
include The Urban Naturalist (New York. John Wiley and Sons. 1987).
-        Susan Ackerson Holmes (born ███ - extensive interview in New York in 2003, former board member  FRCP 5.2
of the Sierra Club and subsequently an employee of the Sierra Club. Susan Holmes showed me her FBI
identification card and identified herself as working for the FBI.

Please feel free to contact me at the e-mail address or telephone number indicated below if you wish to discuss
this request.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any
falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section
1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that
requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C.,
Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

John Wilson
27 Manns Avenue
Greenwich, NSW 2065
Australia

*Protected*

## *Request Summary Report*
### *AP-2015-00491 / PB - wilson, john [Other Requester]*

E: johncwilson74@bigpond.com.au
T: +61 2 9439 1919

## CLOSING

| | | | | |
|---|---|---|---|---|
| *Date Completed:* | | *Method of Access:* | |
| *Decision Communicated:* | | *Method of Delivery:* | Courier |
| *Request Disposition:* | | *Other Reasons for Denial:* | |
| *Pages Received:* | 0 | *Request Transferred Out:* | No |
| *Pages Reviewed:* | 0 | | |
| *Pages Granted:* | 0 | | |
| *Pages Not Relevant:* | 0 | | |
| *Comment:* | | | |

| | | |
|---|---|---|
| *Disposition:* | *Release Date:* | |
| *Pages Reviewed:* | *Method of Delivery:* | |
| *Pages Granted:* | *Other Reasons for Denial:* | |
| *Pages Not Relevant:* | *Method of Access:* | |
| *Version :* | | |

*Sections:*

  *AccessPro Case Management:*
      *AccessPro Redaction:*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

      Plaintiff,

               v.

FEDERAL BUREAU OF INVESTIGATON,

      Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **Exhibit G**



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                    _Washington, D.C.  20530_

November 6, 2014

Mr. John Wilson
27 Manns Avenue
Greenwich, NSW 2065
AUSTRALIA
johncwilson74@bigpond.com.au

   Re:  Request No. 1250235-001

Dear Mr. Wilson:

   This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on November 3, 2014.

   The Office of Information Policy has the responsibility of adjudicating such appeals.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **AP-2015-00491**.  Please mention this number in any future correspondence to this Office regarding this matter.  Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

   We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal, you may contact me at the number above.  If you have submitted your appeal through this Office's online electronic appeal portal, you may also obtain an update on the status of your appeal by logging into your portal account.

     Sincerely,

     Priscilla Jones
     Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

     Plaintiff,

            v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# Exhibit H



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

_____

*Telephone: (202) 514-3642*


Mr. John C. Wilson
27 Manns Avenue
Greenwich, NSW 2065          Re:     Appeal No. AP-2015-00491
AUSTRALIA                            Request No. 1250235-001
johncwilson74@bigpond.com.au         CDT:MTC

**VIA:  Appeal Portal**

Dear Mr. Wilson:

You appealed from the action of the Federal Bureau of Investigation on your request for access to records concerning yourself.

After carefully considering your appeal, I am affirming the FBI's action on your request. In order to provide you with the greatest possible access to responsive records, your request was reviewed under both the Privacy Act of 1974 and the Freedom of Information Act.  I have determined that the records responsive to your request are exempt from the access provision of the Privacy Act.  See 5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.96 (2014).  For this reason, I have reviewed your appeal under the FOIA.

The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  The FBI properly withheld certain information because it is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

Furthermore, to the extent that your request seeks access to records that would either confirm or deny an individual's placement on any government watch list, the FBI properly refused to confirm or deny the existence of any records responsive to your request because the existence of such records is protected from disclosure pursuant to

- 2 -

5 U.S.C. § 552a(j)(2) & 5 U.S.C. § 552 (b)(7)(E).  FOIA Exemption 7(E) concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.  This response should not be taken as an indication that records do or do not exist.  Rather, this is the standard response made by the FBI.

Finally, as to your appeal concerning the adequacy of the FBI's search for responsive records subject to the FOIA, I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for such records.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

2/23/2015

X

Christina D. Troiani, Attorney-Advisor for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: CHRISTINA TROIANI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

     Plaintiff,

               v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **<u>Exhibit I</u>**

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2019-10-23T23:50:56.186728+00:00 Status: pending Message:

## Individual Information

| | |
|---:|:---|
| **Prefix** | Mr. |
| **First Name** | john |
| **Middle Name** | christian |
| **Last Name** | wilson |
| **Suffix** | |
| **Email** | johncwilson74@bigpond.com |
| **Phone** | |
| **Location** | Outside United States |

## Non-Domestic Address

| | |
|---:|:---|
| **Address Line 1** | 27 manns avenue |
| **Address Line 2** | |
| **City** | greenwich |
| **State** | nsw |
| **Postal** | 2065 |
| **Country** | Australia |

## Agreement to Pay

| | |
|---|---|
| How you will pay | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below |
| Allow up to $ | 10 |

## Privacy Act

| | |
|---|---|
| US Citizen | True |
| Prefix | Mr. |
| First Name | john |
| Middle Name | christian |
| Last Name | wilson |
| Suffix | |
| Date of Birth | ▮▮▮▮ |
| Place of Birth | ▮▮▮▮▮▮ FRCP 5.2 |
| Additional Information | SS: ▮▮▮▮ |

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

     Plaintiff,

                  v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **Exhibit J**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 29, 2019

MR. JOHN CHRISTIAN WILSON
27 MANNS AVENUE
GREENWICH, NSW 2065
AUSTRALIA

FOIPA Request No.: 1450535-000
Subject: WILSON, JOHN CHRISTIAN

Dear Mr. Wilson:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

Records regarding your subject were previously reviewed and released to you pursuant to the FOIPA. An additional search was conducted, and no additional records were located. Therefore, your request is being administratively closed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records on individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, D.C. 20001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following website: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Information Management Division

Enclosure

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes additional standard responses that apply to all requests for records on individuals.   Part 3 includes general information about FBI records.   For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us."   Previously mentioned appeal and dispute resolution services are also available at the web address.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)].   FBI responses are limited to those records subject to the requirements of the FOIA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **National Security/Intelligence Records.**   The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found.   A reasonable search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide and includes Electronic Surveillance (ELSUR) records.   For additional information about our record searches visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **The National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **<u>Exhibit K</u>**

**Jones, Priscilla A (OIP)**

| | |
|---|---|
| **From:** | McGuirk, Michael W. (OIP) |
| **Sent:** | Tuesday, February 18, 2020 10:23 AM |
| **To:** | Jones, Priscilla A (OIP) |
| **Subject:** | FW: Freedom of Information Act Appeal - FOIPA Request No.: 1450535-000 |

*Michael W. McGuirk*
        *"Mick"*
Contractor
*U.S. Department of Justice*
*Office of Information Policy (OIP)*
Washington, D.C. 20005
Phone: 202-307-1271

**From:** DOJ.OIP.FOIA (SMO) <Ex_DOJOIPFOIA@jmd.usdoj.gov>
**Sent:** Tuesday, February 18, 2020 10:06 AM
**To:** McGuirk, Michael W. (OIP) <mwmcguirk@jmd.usdoj.gov>
**Subject:** FW: Freedom of Information Act Appeal - FOIPA Request No.: 1450535-000

**From:** John Wilson <johncwilson74@bigpond.com>
**Sent:** Monday, February 17, 2020 9:00 PM
**To:** DOJ.OIP.FOIA (SMO) <Ex_DOJOIPFOIA@jmd.usdoj.gov>
**Subject:** Freedom of Information Act Appeal - FOIPA Request No.: 1450535-000

**Freedom of Information Act Appeal - FOIPA Request No.: 1450535-000**

Hi,

I am appealing the above FOIA response.

The response, and previous responses to me from the FBI/DOJ have made no mention of the existence of interviews with me dating to 2003 and 2004 despite agents working for the FBI interviewing me in NYC, as well as at other times and locations. One of the agents involved in the 2003 interview in NYC, Susan Ackerson Holmes, showed me her FBI identity card, a NYC resident whom I am aware worked for the FBI from at least the early 1990s. I don't remember the name of her title. Dr Steve Garber of the FBI also interviewed me in NYC, among other occasions in 2004. Nor do I know the name of his title

I have previously named these individuals to the FBI/DOJ and the circumstances of their engagement with me. The FBI's response to my complaint and claims has always involved their misstatement of these people's identity as "employees" or "Special Agents". As such, the FBI and DOJ have never responded to my complaint about these people, as they repeatedly misclassify them and on that erroneous basis deny responsibility for or association with them. I have challenged them repeatedly on this previously and they failed to respond in all cases.

1

Never has the FBI or DOJ acknowledged or addressed the fact these people worked for them under different titles or job descriptions. And never has acknowledgement of these interviews been made evident through my FOIA requests which now the subject of my appeal.

The FBI/DOJ has withheld this information as requested in my FOIA and not acknowledged its existence. Nor have they claimed any exemption for doing so. I request that details of these interviews or more broadly the encounters between me and the identified individuals above and as identified in my FOIA request be provided to me - including confirmation of dates, locations and purpose.

Thank you.

Sincerely,

John Wilson

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

     Plaintiff,

             v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **<u>Exhibit L</u>**



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

February 20, 2020

johncwilson74@bigpond.com

Dear John Wilson:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. 1450535 on 02/17/2020.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2020-00197 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by

logging into your account.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# <u>Exhibit M</u>



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

_____

*Telephone: (202) 514-3642*


John Wilson

                   Re:    Appeal No. A-2020-00197
                             Request No. 1450535
johncwilson74@bigpond.com        CDT:PJA


**VIA: Email**


Dear John Wilson:


     You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to records concerning yourself. I note that your appeal concerns the adequacy of the FBI's search for records responsive to your FOIA request.


     After carefully considering your appeal, I am affirming FBI's action on your request. The FBI informed you that it could locate no other responsive main file records subject to the FOIA other than those previously provided to you by letter dated September 25, 2014. I have determined that the FBI's action was correct and that it conducted an adequate, reasonable search for such records.


     Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5U.S.C. 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____

Christina D. Troiani

Associate Chief, for
Matthew Hurd, Acting Chief, Administrative
Appeals Staff

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILSON,

      Plaintiff,

              v.

FEDERAL BUREAU OF INVESTIGATON,

      Defendant.

Civil Action No. 20-cv-10324-LAK-SDA

# **<u>Exhibit N</u>**



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 2, 2021

MR. JOHN CHRISTIAN WILSON
C/O KATHERINE ADAMS
BELDOCK LEVINE & HOFFMAN LLP
26TH FLOOR
99 PARK AVENUE
NEW YORK, NY 10016

FOIPA Civil Action No.: 20-CV-10324
FOIPA Request Nos.: 1250235-000, 1250235-001,
and 1450535-000
Subject: WILSON, JOHN CHRISTIAN

Dear Mr. Wilson:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | | ☐ (d)(5) | |
| ☐ (b)(2) | ☐ (b)(7)(B) | | ☐ (j)(2) | |
| ☐ (b)(3) | ☑ (b)(7)(C) | | ☐ (k)(1) | |
| _____ | ☐ (b)(7)(D) | | ☑ (k)(2) | |
| _____ | ☐ (b)(7)(E) | | ☐ (k)(3) | |
| _____ | ☐ (b)(7)(F) | | ☐ (k)(4) | |
| ☐ (b)(4) | ☐ (b)(8) | | ☐ (k)(5) | |
| ☐ (b)(5) | ☐ (b)(9) | | ☐ (k)(6) | |
| ☑ (b)(6) | | | ☐ (k)(7) | |

22 pages were reviewed and 15 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.

**"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division


Enclosures

In response to your Freedom of Information/Privacy Acts (FOIPA) request, enclosed is a processed copy of Bates stamped documents, FBI (20-cv-10324)-1 through FBI (20-cv-10324)-22. The enclosed documents represent the first and final release of information responsive to your FOIPA request.

The enclosed documents responsive to your request are exempt from disclosure in their entirety pursuant to the Privacy Act, Title 5, United States Code, section 552a, subsection (k)(2). However, these records have been processed pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, thereby affording you the greatest degree of access authorized by both laws.

This material is being provided to you at no charge.

Duplicate copies of the same document were not processed.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies. Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ