**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN WILSON,

                         Plaintiff,

   - against -

FEDERAL BUREAU OF INVESTIGATION,        20 Civ. 10324 (LAK) (SDA)

                        Defendant.


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

November 15, 2021

DAVID B. RANKIN
Beldock Levine & Hoffman LLP
Counsel for Plaintiff
99 Park Avenue, PH/26th Floor
New York, NY 10016
Telephone: (212) 277-5825
drankin@blhny.com

KATHERINE "Q" ADAMS
Telephone: (212) 277-5824
qadams@blhny.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
I.   Preliminary Statement......................................................................................................... 1
II.  Statement of Facts .............................................................................................................. 2
III.  Procedural Background...................................................................................................... 3
IV.  Argument ........................................................................................................................... 5
    A.   Legal Standard......................................................................................................... 6
    B.   The FBI Failed to Conduct Adequate Searches for Records ................................. 7
        1.   *First Request*........................................................................................................ 7
        2.   *Second Request* ................................................................................................... 9
        3.   *Third Request* ..................................................................................................... 9
    C.   Improper Withholdings ........................................................................................... 9
    D.   *In Camera* Review ............................................................................................... 10
V.   Conclusion ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Amnesty Int'l. U.S.A. v. C.I.A.*, 728 F. Supp. 2d 479 (S.D.N.Y. 2010) .......................................... 7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................................... 6

*Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62 (2d Cir. 2008) ......................................... 11

*Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262 (S.D.N.Y. 2009) 7

*Brennan Ctr. for Justice v. United States DOJ*, 377 F. Supp. 3d 428 (S.D.N.Y. 2019) .............. 6, 7

*Carney v. U.S. Dep't of Justice*, 19 F.3d 807 (2d Cir. 1994) ...................................................... 6, 10

*Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013) ............................................................................................................................. 6

*Doyle v. U.S. Dep't of Homeland Sec.*, 331 F.Supp.3d 27 (S.D.N.Y. 2018) ................................... 6

*Jones-Edwards v. Appeal Bd. of the NSA Cent. Sec. Agency*, 352 F. Supp. 2d 420 (S.D.N.Y. 2005) ........................................................................................................................................... 6

*Liberation Newspaper v. U.S. Dep't of State*, 80 F. Supp. 3d 137 (D.D.C. 2015) ......................... 6

*Morley v. Central Intel. Agency*, 508 F.3d 1108 (D.C. Cir. 2007) ................................................. 7

*Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87 (S.D.N.Y. 2012) ..................................................................................................................... 7

*Wilner v. NSA*, 592 F.3d 60 (2d Cir. 2009) ................................................................................... 10

**Statutes**

5 U.S.C. § 552(a)(4)(B) ................................................................................................................ 11

5 U.S.C. §§552 ................................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 6

## I. Preliminary Statement

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 et seq., seeking the production of agency records improperly withheld by Defendant United States Federal Bureau of Investigation ("FBI"), in response to requests properly made by Plaintiff John Wilson ("Mr. Wilson").

FOIA requires federal agencies to conduct searches reasonably designed to identify responsive government records upon request. 5 U.S.C. §§552 et seq. Plaintiff John Wilson has submitted three FOIA requests to Defendant FBI for all records pertaining to him following decades of harassment and interference by persons holding themselves out to be acting on behalf of the FBI. Rather than taking seriously the FBI conducted one facially insufficient search after another. The FBI ran a total of three searches for responsive records but failed in each case to conduct said searches in a manner reasonably designed to identify and locate responsive documents. Despite failing to fulfil its obligations, Defendant now seeks summary judgment.

Mr. Wilson opposes Defendant's motion and respectfully asks the Court to grant him summary judgment. The FBI failed to conduct an adequate search for responsive records in response to any of Mr. Wilson's FOIA requests. In its search in response to Mr. Wilson's first request, the FBI failed to search reference files or any number of databases likely to hold records responsive to the request, including ESLUR, Sentinel, or the informant databases DELTA, 137 or 210 files. In its search in response to Mr. Wilson's second request, the FBI did search for and produce a responsive reference file, but similarly failed to search ESLUR, Sentinel, or the informant databases DELTA, 137 or 210 files. The FBI's search in response to Mr. Wilson's third request expanded to include Sentinel, but still failed to search ESLUR, Sentinel, or the informant databases DELTA, 137 or 210 files.

Plaintiff opposes Defendant's motion for summary judgment because Defendant has not met its burden of demonstrating entitlement to judgment as a matter of law. Plaintiff moves for summary judgment because Defendant has failed to conduct a search reasonably designed to identify and locate responsive documents and failed to provide logical or plausible explanations for its withholding of seven pages of responsive documents under Exemptions 6 and 7(c). Furthermore, Plaintiff respectfully requests *in camera* review of the improperly withheld pages of responsive documents.

## II.    Statement of Facts

Mr. Wilson is a former Wall Street mining analyst who served as an employee of SG Warburg from 1994 to 1997. Affidavit of John Wilson ("Wilson"), Declaration of Katherine "Q" Adams ("Adams") Exh. A., at ¶ 4. In March of 1996, Mr. Wilson authored a report ("the Report") that flagged concerns about the U.S. based mining company Freeport McMoran, including that the company was under investigation by the United States Department of State following the deaths of indigenous protestors at its Grasberg Mine in West Papua, Indonesia, among other human rights concerns. Wilson at ¶ 9; the Report, Wilson Exh. A. The 1996 allegations against Freeport McMoran were of significant interest to the U.S. government, as demonstrated by documents produced by the U.S. State Department ("DOS") in 2014 in response to a FOIA request not presently at issue in the instant case. Wilson at 10, *see* also 2014 DOS FOIA Request and Subsequent Production on the Grasberg Mine, Wilson Exh. B.

Following the publication of Mr. Wilson's report, Mr. Wilson experienced a campaign of interference and harassment by individuals who identified themselves as working for the FBI, which was eventually a factor in Mr. Wilson's moving away from the United States following interference with his employment, social and professional networks, and privacy. Wilson at ¶14. The individuals representing themselves to Mr. Wilson as working with or on behalf of the FBI

2

gave Mr. Wilson the strong impression, and even directly told him on one occasion, that he was the subject of an FBI investigation due to the Report. Wilson at ¶¶ 38, 43, 51, and 52. One of the individuals subjected Mr. Wilson to intense questioning and represented that the interview was being undertaken at the behest of a U.S. government agency. Wilson at ¶¶ 54-55. The individual had a large amount of detailed private information on Mr. Wilson that suggested extensive research and investigation beyond the capacity of an individual in the late 1990s and early 2000s. Wilson at ¶ 97.

After more than a decade of experiencing alarming, intimidating, and harassing behavior, Mr. Wilson began undertaking efforts to understand the scope and nature of the FBI's investigation into him through a series of FOIA requests at issue in this litigation. The FBI's searches in response to Mr. Wilson's three requests have each been facially inadequate. The FBI failed twice to search the Sentinel database that had superseded the ACS database prior to even Mr. Wilson's first request and failed in all three searches to query either the ELSUR database or the informant databases DELTA, 127 and 270 files.

### III.  Procedural Background

On June 14, 2013, Mr. Wilson submitted a FOIA request to Defendant FBI for "all files, correspondence, or other records" concerning himself ("First Request"). Adams Exh. B. Mr. Wilson included with the First Request included all required identifiers, including his full name, date of birth, place of birth, and social security number. *Id*. On January 29, 2014, Defendant sent Mr. Wilson a letter indicating they had searched only conducted a search of CRS and were unable to identify a main file record responsive to the FOIA requested by the Plaintiff. Adams Exh. C.

On March 26, 2014, Plaintiff submitted a FOIA request to the FBI via email, stating "I request disclosure of all agency records concerning, naming, or relating to me. I specifically request that the FBI perform a complete and thorough search of all filing systems and locations for

3

all records maintained by the Bureau pertaining to me. Such a search should include, but not be limited to, files and documents captioned in (or whose captions include) my name in the title. The FBI should search the Central Records System, Electronic Surveillance Records (ELSUR), and Electronic Case File (ECF). Further, I specifically request that the Bureau conduct a text search of the ECF to identify all potentially responsive main and cross-reference files. The FBI's search should include 'main' files and 'see references.'" ("Second Request"). Adams Exh. D. The Second Request provided further information regarding the basis for Mr. Wilson's request, including his allegations of misconduct by individuals holding themselves out to be FBI employees, as well as his social security number and US passport number. *Id.*

On September 25, 2014, Defendants responded to Mr. Wilson's Second Request, indicating that 21 pages were reviewed and released 10 pages with redactions. Adams Exh. E. The pages included a February 10, 2006 letter from the Initial Processing Unit, Internal Investigations Section, Inspection Division of the FBI, to counsel for Plaintiff, responding to Plaintiff's January 17, 2005 letter alleging misconduct by FBI personnel. *Id.* Other pages include intra-agency emails on the topic of Plaintiff's letter and the resulting investigation; OIG's letter to Charlene B. Thornton, Assistant Director, Inspection Division of the FBI with their conclusions regarding the OIG complaint; a letter from Plaintiff following up on his January 17, 2005 letter; Plaintiff's original January 17, 2005 letter; and a list summary response entry for Mr. Wilson's complaint. *Id.*

On November 6, 2014, Plaintiff appealed the FBI's September 25, 2014 production, disputing the adequacy of the FBI's search for records responsive to his FOIA request. Adams Exh. F. On February 23, 2015, the U.S. Department of Justice ("DOJ") responded to Plaintiff's appeal and affirmed the FBI's actions on Plaintiff's FOIA request, finding the FBI had conducted

an adequate and reasonable search for records responsive to Mr. Wilson's FOIA request. Adams Exh. G.

Mr. Wilson submitted another FOIA request through the FBI's eFOIPA portal on October 23, 2019 ("Third Request"), again seeking all agency records concerning, naming, or relating to himself. Adams Exh. H. On October 29, 2019, Defendant responded to Mr. Wilson's request, stating the FBI had released all relevant records and no additional records could be located. Adams Exh. I.

Given the apparent inadequacy of the FBI's search, Mr. Wilson initiated this action on December 8, 2020. *See* Dkt. No. 1. Defendant filed their answer to the Complaint on March 15, 2021. *See* Dkt. No. 13 ("Defendant's Response").

On April 2, 2021, in response to this lawsuit, Defendant reviewed 22 pages of documents and released 5 new, additional pages of documents with redactions. Adams Exh. J.

The parties jointly informed the Court that Mr. Wilson intended to challenge the adequacy of Defendant's search and filed a proposed briefing schedule for summary judgment on April 26, 2021. *See* Dkt. No. 17. The Court approved the summary judgment briefing schedule on April 27, 2021. *See* Dkt. No. 18. On September 13, 2021, Defendant filed a motion for summary judgment. *See* Dkt. Nos. 22-24.

### IV.    Argument

The FBI failed to conduct an adequate search for responsive records in response to any of Mr. Wilson's three FOIA requests. FOIA requires agencies to conduct searches reasonably calculated to identify all relevant records, which Defendant failed to do even after three searches. Defendant's first search failed to include reference files despite Mr. Wilson's request for *all* files, correspondence, or other records concerning himself, not only main files. The first search further failed to query the ELSUR or Sentinel databases described by the FBI, as well as the informant

databases DELTA, 137 and 270 files. Defendant's second included a search for reference files, but similarly failed to query ELSUR, Sentinel, DELTA, 137 or 270 files. The FBI's third search finally queried Sentinel, but once again failed to query ELSUR, DELTA, 137 or 270 files, a decision that rendered the FBI's search both inadequate and unreasonable.

### A. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court draws all reasonable inferences in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *Jones-Edwards v. Appeal Bd. of the NSA Cent. Sec. Agency*, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005); *see also Doyle v. U.S. Dep't of Homeland Sec.*, 331 F.Supp.3d 27, 43 (S.D.N.Y. 2018). "[O]n a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate[.]" *Brennan Ctr. for Justice v. United States DOJ*, 377 F. Supp. 3d 428, 433 (S.D.N.Y. 2019) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). In FOIA cases, courts may "'supervise the agency's ongoing progress, ensuring that the agency continues to exercise due diligence in processing the request.'" *Brennan Ctr. for Justice*, 377 F. Supp. at 433 (S.D.N.Y. 2019) (quoting *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013)).

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search. *Brennan Ctr. for Justice*, 377 F. Supp. 3d at 433 (S.D.N.Y. 2019) (quoting *Liberation Newspaper v. U.S. Dep't of State*, 80 F. Supp. 3d 137, 144 (D.D.C. 2015)). "[A]n agency is not expected to take extraordinary measures

6

to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." *Id.* (quoting *Amnesty Int'l. U.S.A. v. C.I.A.*, 728 F. Supp. 2d 479, 497 (S.D.N.Y. 2010)). It is the burden of the agency to show that it conducted a good-faith search reasonably calculated to identify the requested records. See *Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009), *aff'd sub nom. Bloomberg, L.P. v. Bd. of Governors of the Fed. Reserve Sys.*, 601 F.3d 143 (2d Cir. 2010) (citation omitted). In order to establish that an agency has conducted an adequate search, the agency "must 'show beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87, 95 (S.D.N.Y. 2012) (quoting *Morley v. Central Intel. Agency*, 508 F.3d 1108, 1114 (D.C. Cir. 2007)).

### B. The FBI Failed to Conduct Adequate Searches for Records

#### 1. First Request

In response to Mr. Wilson's First Request, Defendant FBI failed to conduct a search to reasonably designed to identify and locate all documents responsive to Mr. Wilson's request. The FBI both 1) failed to follow the letter of the Mr. Wilson's request, and 2) failed to search several databases that could also reasonably be expected to contain responsive documents. First, Defendants failed to run a search sensitive to reference files. *See* Dkt. 23, Defendant's Memorandum of Law in Support of Motion for Summary Judgment ("Def. MOL") at 11. Regardless of the RIDS policy to identify only main files responsive to FOIPA requests at the administrative stage, it is incorrect to state, as Defendant does, that "Plaintiff failed to provide information in the First Request letter that could have allowed RIDS to determine that the reference file was responsive." *Id.* While Mr. Wilson did not use the term "reference files," his request for

"*all* files, correspondence, or other records pertaining to himself" (First Request, emphasis added) was unambiguous, and clearly signaled to Defendant he was seeking both main and reference files. Nor did Mr. Wilson need to provide further information to trigger a search of these files, as Defendant claims; "[a] person's name, date of birth, place of birth and social security number makes them unique in the FBI's database systems and no further information would have been needed to identify the documents requested pursuant to the initial FOIA request." Eagle Security Group Expert Report, Adams Exh. K at 3.

Second, Defendant FBI failed to search the ESLUR or Sentinel databases, or the informant databases DELTA, 137 and 210 files. Defendant states, that "ELSUR indices is a separate system of records, but this does not mean that the data housed within are also indexed in the CRS." Dkt. No. 24, Declaration of Michael G. Seidel ("Seidel") at 31. However, "while the 'targets' are indexed, the references are not, so if the plaintiff were a reference in the ELSUR file, it would not necessarily be discoverable through a CRS, ACS or Sentinel search." Adams Exh. K at 3. It was therefore improper for Defendant to fail to run a separate search in ESLUR. Additionally, as Defendant acknowledges, "Sentinel is the FBI's next generation case management system that became effective FBI- wide on July 1, 2012," Dkt. No. 23., Def MOL at 8, approximately a year prior to the First Request. The FBI's first search was therefore facially inadequate given their failure to search the case management system effective at the time of the First Request.

Similarly, the FBI failed to search DELTA, 137 and 270 informant files, all of which contain information not discoverable through CRS, ACS and Sentinel searches. Adams Exh. K at 4. Mr. Wilson provided specific identifying information and sufficient detail to alert the FBI that the individuals who indicated to him that they worked on behalf of the FBI may have done so in an informant capacity. Therefore, a reasonable and adequate search would have included all areas

8

where such informant files may have been stored, including DELTA, 137 and 270 files. Due to their failure to search these places, Defendant FBI's search was therefore facially inadequate and was not reasonably designed to identify and locate all documents responsive to the First Request.

   2. *Second Request*

In response to Mr. Wilson's Second Request, Defendant FBI's similarly failed to conduct a search to reasonably designed to identify and locate all responsive documents. Unlike the search in response to the First Request, Defendant correctly searched for, retrieved, and produced a reference file in response to Mr. Wilson's Second Request. However, Defendant still failed to search ESLUR, Sentinel, or the informant databases DELTA, 137 and 210 files. Therefore, for the reasons stated in Section IV.B.1, *supra*, Defendant FBI's search was facially inadequate and was not reasonably designed to identify and locate all documents responsive to the Second Request.

   3. *Third Request*

In response to Mr. Wilson's Third Request, Defendant failed for a third time to conduct a search to reasonably designed to identify and locate all responsive documents. On this third attempt, Defendant finally correctly searched the Sentinel database for records related to Mr. Wilson. However, Defendant once again failed to search ESLUR or the informant databases DELTA, 137 and 210 files. Therefore, for the reasons stated in Section IV.B.1, *supra*, Defendant FBI's search was facially inadequate and was not reasonably designed to identify and locate all documents responsive to the Third Request.

   **C. Improper Withholdings**

The FBI has not asserted its use of Exemptions 6 and 7(C) in sufficient detail for Plaintiff to engage in a meaningful adversarial challenge and *de novo* review. As Defendant acknowledges in their Memorandum of Law in support of their motion for summary judgment, in order for the

government to meet its burden of demonstrating that it properly withheld documents in a FOIA case, it must produce declarations "giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). While the government's declarations are "accorded a presumption of good faith," *Id.*, and "an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible," *Wilner v. NSA*, 592 F.3d 60, 73 (2d Cir. 2009), the FBI failed in this case to provide any declaration justifying its invocation of Exemptions 6 and 7(C) in withholding seven pages of responsive documents. Defendant produced only one declaration in support of its motion and addressed the exemptions only in a superficial and conclusory manner. *See* Seidel at 20 ("Exempt material was withheld pursuant to Privacy Act Exemption (k)(2)[1] and FOIA Exemptions (b)(6) and (b)(7)(C)"), Seidel at 46 ("The exemptions asserted by the FBI to withheld information are FOIA Exemptions (b)(6) and (b)(7)(C)"), and Seidel at 47 ("The FBI… properly determined that certain information should be withheld under the Privacy Act Exemption (k)(2) and FOIA Exemptions (b)(6) and (b)(7)(C)"). The FBI therefore failed to meet its burden of demonstrating that it properly withheld documents in accordance with the claimed exemptions.

### D. *In Camera* Review

Of the 22 pages reviewed by the FBI for their production in response to this lawsuit on April 2, 2021, the FBI continues to withhold 7 pages of documents. Of these pages, two—FBI (20-cv-10324)-18 and FBI (20-cv-10324)-22 are purported to be duplicates of previously released documents. Adams Exhibit I at 1. The FBI has withheld the five remaining pages, FBI (20-cv-10324)-10 and FBI (20-cv-10324)-12 through FBI (20-cv-10324)-15, under FOIA exemptions

---

[1] Plaintiff notes the FBI previously claimed Privacy Act Exemption (j)(2) in their letter dated September 25, 2014, *see* Adams Exh. E, but now categorizes their assertion of that exemption as inadvertent. Seidel at 10 n. 3.

(b)(6)-1 and (b)(7)(C)-1. *Id.* The FBI has provided no basis on which it has withheld the records under these exemptions.

"Under 5 U.S.C. § 552(a)(4)(B), district courts are authorized to conduct in camera review of disputed documents to determine whether the documents, in whole or part, are properly withheld under a FOIA exemption." *Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008). *In camera* review is appropriate in a FOIA case where an agency offers "vague or sweeping claims" to support withholding of responsive records. *Id.* Where the "government's affidavits make it effectively impossible for the court to conduct de novo review of the applicability of FOIA exemptions… *in camera* review is necessary." *Id.* Given the relatively low burden to the Court posed by a review of seven pages of withheld documents, Plaintiffs respectfully request *in camera* review of the withheld pages.

## V. Conclusion

For the reasons stated herein, Mr. Wilson respectfully requests that this Court deny Defendant's motion for summary judgment, grant Mr. Wilson's cross-motion for summary judgment, order *in camera* review of the seven pages of improperly withheld documents, and require the FBI to conduct additional searches for records responsive to Mr. Wilson's FOIA request.

Dated:	November 15, 2021
	New York, New York

                                      Respectfully submitted,

By: _____
       Katherine "Q" Adams
       Beldock, Levine & Hoffman, LLP
       99 Park Avenue, PH/26th Fl.
       New York, New York 10016
       t: 212-277-5824
       e: QAdams@blhny.com

       David B. Rankin
       t: 212-277-5825
       e: DRankin@blhny.com