# EXHIBIT J



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

April 2, 2021

MR. JOHN ████████ WILSON
C/O KATHERINE ADAMS
BELDOCK LEVINE & HOFFMAN LLP
26TH FLOOR
99 PARK AVENUE
NEW YORK, NY 10016

FOIPA Civil Action No.: 20-CV-10324
FOIPA Request Nos.: 1250235-000, 1250235-001,
and 1450535-000
Subject: WILSON, JOHN ████████

Dear Mr. Wilson:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.  The appropriate exemptions are noted on the processed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.   An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☑ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

22 pages were reviewed and 15 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐  Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐  This information has been referred to the OGA(s) for review and direct response to you.
☐  We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.

**"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

In response to your Freedom of Information/Privacy Acts (FOIPA) request, enclosed is a processed copy of Bates stamped documents, FBI (20-cv-10324)-1 through FBI (20-cv-10324)-22. The enclosed documents represent the first and final release of information responsive to your FOIPA request.

The enclosed documents responsive to your request are exempt from disclosure in their entirety pursuant to the Privacy Act, Title 5, United States Code, section 552a, subsection (k)(2). However, these records have been processed pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, thereby affording you the greatest degree of access authorized by both laws.

This material is being provided to you at no charge.

Duplicate copies of the same document were not processed.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies. Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

**FEDERAL BUREAU OF INVESTIGATION**
**FOI/PA DELETED PAGE INFORMATION SHEET**
**FOIPA Request Nos.: 1250235-000, 1250235-001 and 1450535-000**
**Civil Action No.: 20-cv-10324**

**Total Withheld Page(s) = 7**

| Bates Page Reference | Reason for Withholding |
| --- | --- |
| | (i.e., exemptions with coded rationale, duplicate, sealed by order of court, etc.) |
| FBI (20-cv-10324)-10 | (b)(6)-1; (b)(7)(C)-1 |
| FBI (20-cv-10324)-12 through FBI (20-cv-10324)-15 | (b)(6)-1; (b)(7)(C)-1 |
| FBI (20-cv-10324)-18 | Duplicate to FBI (20-cv-10324)-6 |
| FBI (20-cv-10324)-22 | Duplicate to FBI (20-cv-10324)-10 |

```
XXXXXXXXXXXXXXXXXXXXX
X   Deleted Page(s)    X
X   No Duplication Fee X
X   For this Page      X
XXXXXXXXXXXXXXXXXXXXX
```



February 10, 2006

Mr. Barry A. Fisher
Fleishman and Fisher
1875 Century Park East
Suite 2130
Los Angeles, California 90067

Attention:  Mr. John ████Wilson

Dear Mr. Wilson:

We are in receipt of your letter dated January 17, 2005, to the U.S. Department of Justice (DOJ), Office of Inspector General.  DOJ forwarded this correspondence to the Initial processing Unit (IPU), Internal Investigations Section, Inspection Division, Federal Bureau of Investigation (FBI), for our review.  The IIS is the FBI entity that provides thorough, high quality, fair, consistent, and timely review and investigation into complaints of criminality and/or serious misconduct against FBI employees.

In the above-referenced letter, you allege that an unidentified Undercover FBI Special Agent (SA) apparently disclosed confidential information to you originating from the U.S. State Department regarding a fatal Grasberg mining accident in Indonesia.  You advised that you published an article about the accident at the Freeport McMoran owned Grasberg mine in 1996 and, since its publication, you allege having been contacted by numerous individuals who identified themselves to you as FBI agents, specifically SA Steven Garber, New York; SA Livingston Sutro, Arizona, and SA Susan Holmes, Washington, D.C.  A review of our records revealed that the above-named individuals are not employed by the FBI.

Inasmuch as the information provided contains no credible allegations of misconduct by any FBI personnel, IPU has determined that your complaint does not warrant the initiation of an investigation.  We consider this matter closed.

Sincerely,

/s/

████████████
Unit Chief
Initial Processing Unit
Inspection Division

1 ██████(Personal Attention)
1 - IPU
1 ██████
MMP/bmh (5)

b6 -1
b7C -1



 

February 10, 2006

Mr. Barry A. Fisher
Fleishman and Fisher
1875 Century Park East
Suite 2130
Los Angeles, California 90067

Attention: Mr. John ███████ Wilson

Dear Mr. Wilson:

We are in receipt of your letter dated January 17, 2005, to the U.S. Department of Justice (DOJ), Office of Inspector General. DOJ forwarded this correspondence to the Initial processing Unit (IPU), Internal Investigations Section, Inspection Division, Federal Bureau of Investigation (FBI), for our review. The IIS is the FBI entity that provides thorough, high quality, fair, consistent, and timely review and investigation into complaints of criminality and/or serious misconduct against FBI employees.

In the above-referenced letter, you allege that an unidentified Undercover FBI Special Agent (SA) apparently disclosed confidential information to you originating from the U.S. State Department regarding a fatal Grasberg mining accident in Indonesia. You advised that you published an article about the accident at the Freeport McMoran owned Grasberg mine in 1996 and, since its publication, you allege having been contacted by numerous individuals who identified themselves to you as FBI agents, specifically SA Steven Garber, New York; SA Livingston Sutro, Arizona, and SA Susan Holmes, Washington, D.C. A review of our records revealed that the above-named individuals are not employed by the FBI.

Inasmuch as the information provided contains no credible allegations of misconduct by any FBI personnel, IPU has determined that your complaint does not warrant the initiation of an investigation. We consider this matter closed.



Sincerely,

Unit Chief
Initial Processing Unit
Inspection Division

b6 -1
b7C -1

1 [_____] Personal Attention)
1) - IPU
1 [_____]
MMH\mmh (5)

**[   ]** **(INSD) (FBI)**

b6 -1
b7C -1

From:                          (OPR) (FBI)
Sent:        Wednesday, February 08, 2006 4:39 PM
To:                            (INSD) (FBI)
Cc:                            (INSD) (FBI)
Subject:     RE: Hey it's the new guy

**UNCLASSIFIED**
**NON-RECORD**

[   ] - First I saw of this was when [   ] brought it to me with you--- I think I forwarded [        ] another one. Anyway, it appears that the Complainant (Wilson) never got a copy of any letter from IPU advising him that he failed to identify any FBI employees who have engaged in misconduct. I will ask [          ] to draft a letter to send to OCA to send to Mr. Wilson (Complainant).

b6 -1
b7C -1

[   ] - I put the paperwork I had in your in-box with refernce to Complaint# 1245. We will address this tomorrow morning [   ]

b6 -1
b7C -1

-----Original Message-----
From:                          (INSD) (FBI)
Sent:        Wednesday, February 08, 2006 1:35 PM
To:                            (INSD) (FBI)
Cc:                            (OPR) (FBI)
Subject:     RE: Hey it's the new guy

b6 -1
b7C -1

**UNCLASSIFIED**
**NON-RECORD**

[   ] - did you say you put this complaint on [   ] desk?

-----Original Message-----
From:                          (INSD) (FBI)
Sent:        Wednesday, February 08, 2006 12:35 PM
To:                            (INSD) (FBI)
Subject: Hey it's the new guy

b6 -1
b7C -1

**UNCLASSIFIED**
**NON-RECORD**

Do you have the hardcopy paperwork for complaint # 1245. [        ] received a call from Congressional Affairs (CA) on this matter. When you are available, may I come over and close the loop on this. I spoke to the CA a few minutes ago and they advised what information they are seeking, I am sure you already know what they want.

b6 -1
b7C -1

Thanks,
[   ]

**UNCLASSIFIED**

**UNCLASSIFIED**

**UNCLASSIFIED**

1

U.S. Department of Justice

Office of the Inspector General

*#1245*

b6 -1
b7C -1

*Washington, D.C. 20530*

**DATE:**      July 27, 2005

**TO:**      Charlene B. Thornton
             Assistant Director
             Inspection Division
             Federal Bureau of Investigation

**FROM:**      *Glenn G. Powell*
             Glenn G. Powell
             Special Agent in Charge
             Investigations Division

**SUBJECT:**      OIG Complaint No. 2005005905
             Subject: [                    ] et al.
             New York Division
             FBI No.  OIG Initiated

b6 -1, 2
b7C -1, 2

We consider this a management matter.  The information is being provided to you
for whatever action you deem appropriate in accordance with your agency's policy
and regulations.  A copy of your findings and/or final action is not required by the
OIG.

☐      This matter is referred to your agency for investigation.  Please provide the OIG
       with a copy of your final report on this matter.

☐      This complaint will be investigated by the OIG.

**IMPORTANT NOTICE**

Identifying information may have been redacted from the attached OIG Report/Referral pursuant to § 7 of the
IG Act or because an individual has (a) requested confidentiality or (b) expressed a fear of reprisal.  If you
believe that it is necessary that redacted information be made available to your Agency, you may contact the
Assistant Inspector General for Investigations.

Please be advised that, where adverse action is not contemplated, the subject of an investigation does not have a
right to have access to an OIG Report/Referral or to the identities of complainants or witnesses, and that, in all
cases, complainants and witnesses are entitled to protection from reprisal pursuant to the Inspector General
Act and the Whistleblower Protection Act.

**Attachment**

b6 -1
b7C -1

263-0-[    ]



OIG - INVESTIGATIONS DIVISION   -   IDMS

OIG NO.: LA-412-2005-005905-M

Received By: _____   Date Received: 05/01/2005   How Received: M      b6 -1  b7C -1

**SUBJECT OF A COMPLAINT:**
Title:   SA
Component: FBI
Misc:   7/26/05 - FBI advised no record exist.
Home:
Phone:
Work:
Phone:

Pay Plan:
EOD Date:

ZIP:

ZIP:

SSNO:
D.O.B.:
Alien No.:
F.B.I.No.:
B.O.P.No.:
D/L No.:

b6 -2
b7C -2

**SUBJECT OF A COMPLAINT:**
Title:   SA
Component: FBI
Misc:
Home:
Phone:
Work:
Phone:

Pay Plan:
EOD Date:

ZIP:

ZIP:

SSNO:
D.O.B.:
Alien No.:
F.B.I.No.:
B.O.P.No.:
D/L No.:

b6 -1, 2
b7C -1, 2

**SUBJECT OF A COMPLAINT:**
Title:   SA
Component: FBI
Misc:   7/26/05 - FBI advised no record exist.
Home:
Phone:
Work:
Phone:

Pay Plan:
EOD Date:

ZIP:

ZIP:

SSNO:
D.O.B.:
Alien No.:
F.B.I.No.:
B.O.P.No.:
D/L No.:

b6 -2
b7C -2

**COMPLAINANT:**
Title:   CIVIL
Component: CITZN
Misc:
Home:
Phone:
Work:
Phone:
Confidential:

Watson, John
Pay Plan:
EOD Date:

ZIP:

ZIP:
Revealed:

SSNO:
D.O.B.:
Alien No.:
F.B.I.No.:
B.O.P.No.:
D/L No.:

Authority:  none

ALLEGATIONS:   412 Job Performance Failure
Occurrence Date:
CITY:                                    TIME:
                    State:                     Zip:

Details:

The following information was provided by Complainant regarding allegations of misconduct
by FBI SAs.  In 1996, an UC FBI SA leaked information to the Complainant regarding a
"confidential" reprimand by the U.S. State Department regarding the Freeport-McMoran's
Grasberg mine in Indonesia.  According to the Complainant, the UC FBI SA gave him details
of the State Department's findings regarding an incident in which seven people associated
with the Grasberg mine were killed.  In 1996, the Complainant published information
regarding the killings.  (It should be noted that the Complainant does not provide any
specifics regarding his publication.)  The Complainant, a senior equity analyst, believes
the FBI is responsible for his inability to obtain a job in the financial services
industry.  The Complainant stated that he was interviewed "extensively" by the Subjects
following his 1996 publication.  According to the Complainant, he was unable to obtain any
information as a result of an October 2004, FOIA request to the FBI.

Printed 07/27/2005             12:16:17

FBI (20-cv-10324)-5

OIG - INVESTIGATIONS DIVISION  -  IDMS                    OIG NO.: LA-412-2005-005905-M

DISPOSITION DATA: Date:   07/26/2005        Disposition: M        Approval:POWELL, GLENN G
Referred to Agency:                                                Component: CITZN
Civil Rights:  N                                                   Sensitive: N
Component Number:                           Consolidated Case Number:

Remarks:

7/27/05 - Acknol letter sent to the Complainant advising him that the matter was forwarded
to the FBI, Inspection Division.   (yht)

7/27/05 - Management referral to AD Thornton, FBI Inspection Division.  (yht)

Printed 07/27/2005            12:16:17

FBI (20-cv-10324)-6

John ████ Wilson
c/o Barry A. Fisher                                    16 April, 2005
Fleishman & Fisher
1875 Century Park East Suite 2130
Los Angeles, CA 90067

Email: ████████████████

US Department of Justice
Office of the Inspector General
950 Pennsylvania Avenue, N.W., Suite 4706
Washington, DC 20530-0001

Dear Sir:

I write as a follow up to the letter I sent to your office on 17 January, 2005 (copy enclosed). Could you please indicate your expected timing for a response to that letter.

Thank you.

Sincerely yours,

John Wilson

Encl.    Copy of letter sent to your office, dated 17 January, 2005



John [redacted] Wilson
c/o Barry A. Fisher
Fleishman & Fisher
1875 Century Park East Suite 2130
Los Angeles, CA 90067
Tel: 310-5571077

Email: [redacted]

17 January, 2005

1996
2005

US Department of Justice
Office of the Inspector General
950 Pennsylvania Avenue, N.W., Suite 4706
Washington, DC 20530-0001

Dear Sir:

I write because of the oversight responsibilities of your office. I was a mining company equity analyst on Wall Street from 1994 to 1998. I am a citizen of the U.S.A., was born in Australia, and have long lived in the United States, principally in New York and Philadelphia, where I received my MBA degree from Wharton. I am currently visiting family for an extended stay in Australia.

In 1996, in the course of performing my duties, information was leaked to me by a then undisclosed FBI agent who worked undercover as an environmentalist. This person gave me details of a State Department finding into an incident in which 7 people were recently killed in and around the publicly traded Freeport McMoran owned Grasberg mine in Indonesia. The information I received related to a confidential reprimand of the company by the U.S. Department of State for human rights and environmental abuses.

Since then, as set out below, I have been subjected to what appears to be a systematic retaliation campaign by persons associated with the FBI involving invasive and injurious tactics. Among other things, I have faced blacklisting in my industry. I have been unable to gain any employment in the financial services industry despite a recent boom in the mining sector and despite having worked on Wall Street for 6 years, mostly as a senior equity analyst.

For the many years following my 1996 publication regarding the Freeport McMoran killings, I have had many contacts with people who at some point revealed themselves as FBI agents on assignment connected to me, and who let me know that I angered important people by the publication. Some of these individuals engendered friendship with me under the auspices of other professional identities and each has interviewed me, two of them extensively. These include Steven Garber, now of White Plains, New York, formerly of New York City, Susan Holmes, now of Washington, D.C., formerly of New York City, and Livingston Sutro, of Sierra Vista, Arizona.

NO    NO

1 of 2



Aside from these agents, more than a dozen other people have identified themselves to me as having a high level of familiarity with these circumstances and appear to be FBI agents or associated with agents.

Given the fact that the source of the leaked information was itself an FBI agent and given the powerful business interests of Freeport, I am concerned that I am the subject of what appears to be either a case of FBI corruption or incompetence. The agent that passed to me the information about Freeport was a long term friend who targeted environmental extremists, and I am concerned I may have been maliciously profiled to justify the intense scrutiny I have faced.

An FOIA request to the FBI in October, 2004 yielded no information whatsoever.

I look forward to hearing from you. The most convenient means by which to correspond with me are through my attorney (details indicated above), alternatively via email.

Sincerely yours,

John Wilson



2 of 2

```
End of Data
02/10/06                        List Summary Response
13:19:29                                                                    UNI050MK
Type X, x, or / to view Full Response, then press Enter.

       Name: WILSON, JOHN, ██████████
       M/R : M Case ID: HQ 263-0
       Race: U  Sex: M  DOB/Event:                        Serial: 8636
       Misc: NO ACTION                    ID Info:
                                  Entry Date: 10/13/2005 Class Level: SN
```

```
Command . . > ...................................................................... +
F1=Help,F3=Exit,F4=Prompt,F12=Cancel
```

4AÛ

06,002

FBI (20-cv-10324)-11

   

**U.S. Department** ~~Justice~~

Office of the Inspector General

#1245

---

*Washington, D.C. 20530*

**DATE:**    July 27, 2005

**TO:**    Charlene B. Thornton
Assistant Director
Inspection Division
Federal Bureau of Investigation

**FROM:**    *Glenn G. Powell*
Glenn G. Powell
Special Agent in Charge
Investigations Division

**SUBJECT:**    OIG Complaint No. 2005005905                                  b6 -2
Subject: [ ] et al.                                                            b7C -2
New York Division
FBI No.  OIG Initiated

■    We consider this a management matter. The information is being provided to you
for whatever action you deem appropriate in accordance with your agency's policy
and regulations. A copy of your findings and/or final action is not required by the
OIG.

☐    This matter is referred to your agency for investigation. Please provide the OIG
with a copy of your final report on this matter.

☐    This complaint will be investigated by the OIG.

<u>IMPORTANT NOTICE</u>

Identifying information may have been redacted from the attached OIG Report/Referral pursuant to § 7 of the
IG Act or because an individual has (a) requested confidentiality or (b) expressed a fear of reprisal. If you
believe that it is necessary that redacted information be made available to your Agency, you may contact the
Assistant Inspector General for Investigations.

Please be advised that, where adverse action is not contemplated, the subject of an investigation does not have a
right to have access to an OIG Report/Referral or to the identities of complainants or witnesses, and that, <u>in all
cases</u>, complainants and witnesses are entitled to protection from reprisal pursuant to the Inspector General
Act and the Whistleblower Protection Act.

①A-2 [ ]                                                                     b6 -1
**Attachment**                                                                b7C -1
②[ ]

*No Action*
*- none of the individuals*
*named are FBI employees*
*Unsubstantiated*
*10-4-05/S*

*263-0-86301*



OIG - INVESTIGATIONS DIVISION  -  IDMS

OIG NO.: LA-412-2005-005905-M          b6 -1

Received By:                                                      b7C -1

Date Received:  05/01/2005    How Received:  M

SUBJECT OF A COMPLAINT:                                   b6 -2
Title:  SA                                                b7C -2
Component: FBI                  Pay Plan:         SSNO:
Misc:   7/26/05 - FBI advised no record exist.    EOD Date:        D.O.B.:
Home:                                             Alien No.:
Phone:                                            F.B.I.No.:
                                  ZIP:            B.O.P.No.:
Work:                                             D/L No.:
Phone:
                                  ZIP:

SUBJECT OF A COMPLAINT:                                   b6 -2
Title:  SA                                                b7C -2
Component: FBI                  Pay Plan:         SSNO:
Misc:                           EOD Date:         D.O.B.:
Home:                                             Alien No.:
Phone:                                            F.B.I.No.:
                                  ZIP:            B.O.P.No.:
Work:                                             D/L No.:
Phone:
                                  ZIP:

SUBJECT OF A COMPLAINT:                                   b6 -2
Title:  SA                                                b7C -2
Component: FBI                  Pay Plan:         SSNO:
Misc:   7/26/05 - FBI advised no record exist.    EOD Date:        D.O.B.:
Home:                                             Alien No.:
Phone:                                            F.B.I.No.:
                                  ZIP:            B.O.P.No.:
Work:                                             D/L No.:
Phone:
                                  ZIP:

COMPLAINANT:
Title:  CIVIL          Wilson, John                SSNO:
Component: CITZN                Pay Plan:          D.O.B.:
Misc:                           EOD Date:          Alien No.:
Home:                                              F.B.I.No.:
Phone:                                             B.O.P.No.:
                                  ZIP:             D/L No.:
Work:
Phone:                            ZIP:
Confidential:                   Revealed:          Authority:  none

ALLEGATIONS:  412 Job Performance Failure
Occurrence Date:                      TIME:
CITY:                          State:            Zip:

Details:

The following information was provided by Complainant regarding allegations of misconduct
by FBI SAs.  In 1996, an UC FBI SA leaked information to the Complainant regarding a
"confidential" reprimand by the U.S. State Department regarding the Freeport-McMoran's
Grasberg mine in Indonesia.  According to the Complainant, the UC FBI SA gave him details
of the State Department's findings regarding an incident in which seven people associated
with the Grasberg mine were killed.  In 1996, the Complainant published information
regarding the killings.  (It should be noted that the Complainant does not provide any
specifics regarding his publication.)  The Complainant, a senior equity analyst, believes
the FBI is responsible for his inability to obtain a job in the financial services
industry.  The Complainant stated that he was interviewed "extensively" by the Subjects
following his 1996 publication.  According to the Complainant, he was unable to obtain any
information as a result of an October 2004 FOIA request to the FBI.

Printed 07/27/2005          12:16:17

FBI (20-cv-10324)-17

John ████████ Wilson                                                    16 April, 2005
c/o Barry A. Fisher
Fleishman & Fisher
1875 Century Park East Suite 2130
Los Angeles, CA 90067

Email: ████████████████████

US Department of Justice
Office of the Inspector General
950 Pennsylvania Avenue, N.W., Suite 4706
Washington, DC 20530-0001

Dear Sir:

I write as a follow up to the letter I sent to your office on 17 January, 2005 (copy
enclosed). Could you please indicate your expected timing for a response to that letter.

Thank you.

Sincerely yours,

John Wilson

Encl.   Copy of letter sent to your office, dated 17 January, 2005



John ███████ Wilson                                              17 January, 2005
c/o Barry A. Fisher
Fleishman & Fisher
1875 Century Park East Suite 2130
Los Angeles, CA 90067
Tel: 310-5571077

Email: 

US Department of Justice
Office of the Inspector General
950 Pennsylvania Avenue, N.W., Suite 4706
Washington, DC 20530-0001

Dear Sir:

I write because of the oversight responsibilities of your office. I was a mining company equity analyst on Wall Street from 1994 to 1998. I am a citizen of the U.S.A., was born in Australia, and have long lived in the United States, principally in New York and Philadelphia, where I received my MBA degree from Wharton. I am currently visiting family for an extended stay in Australia.

In 1996, in the course of performing my duties, information was leaked to me by a then undisclosed FBI agent who worked undercover as an environmentalist. This person gave me details of a State Department finding into an incident in which 7 people were recently killed in and around the publicly traded Freeport McMoran owned Grasberg mine in Indonesia. The information I received related to a confidential reprimand of the company by the U.S. Department of State for human rights and environmental abuses.

Since then, as set out below, I have been subjected to what appears to be a systematic retaliation campaign by persons associated with the FBI involving invasive and injurious tactics. Among other things, I have faced blacklisting in my industry. I have been unable to gain any employment in the financial services industry despite a recent boom in the mining sector and despite having worked on Wall Street for 6 years, mostly as a senior equity analyst.

For the many years following my 1996 publication regarding the Freeport McMoran killings, I have had many contacts with people who at some point revealed themselves as FBI agents on assignment connected to me, and who let me know that I angered important people by the publication. Some of these individuals engendered friendship with me under the auspices of other professional identities and each has interviewed me, two of them extensively. These include Steven Garber, now of White Plains, New York, formerly of New York City, Susan Holmes, now of Washington, D.C., formerly of New York City, and Livingston Sutro, of Sierra Vista, Arizona.

1 of 2

Aside from these agents, more than a dozen other people have identified themselves to me as having a high level of familiarity with these circumstances and appear to be FBI agents or associated with agents.

Given the fact that the source of the leaked information was itself an FBI agent and given the powerful business interests of Freeport, I am concerned that I am the subject of what appears to be either a case of FBI corruption or incompetence. The agent that passed to me the information about Freeport was a long term friend who targeted environmental extremists, and I am concerned I may have been maliciously profiled to justify the intense scrutiny I have faced.

An FOIA request to the FBI in October, 2004 yielded no information whatsoever.

I look forward to hearing from you. The most convenient means by which to correspond with me are through my attorney (details indicated above), alternatively via email.

Sincerely yours,


John Wilson

2 of 2