**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN WILSON,<br><br>               Plaintiff,<br><br>- against -<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>               Defendant. | 20 Civ. 10324 (LAK) (SDA) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

February 3, 2022

DAVID B. RANKIN
Beldock Levine & Hoffman LLP
Counsel for Plaintiff
99 Park Avenue, PH/26th Floor
New York, NY 10016
Telephone: (212) 277-5825
drankin@blhny.com

KATHERINE "Q" ADAMS
Telephone: (212) 277-5824
qadams@blhny.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
I.   Preliminary Statement............................................................................................... 1
II.  Argument .................................................................................................................. 2
   A.   Adequacy of the Search .................................................................................. 2
      1.   Legal Standard ...................................................................................... 2
      2.   The FBI Failed to Conduct an Adequate Search as Mr. Wilson's FOIA Requests Indicated Responsive Information Could be Found in Delta and 137 and 270 Files ............. 4
         a.   Delta Files ................................................................................. 4
         b.   ELSUR, 137 and 270 Files ....................................................... 5
   B.   Improper Withholding of Records ................................................................. 6
      1.   Legal Standard ...................................................................................... 6
      2.   Defendant's Withholdings Pursuant to Exemptions 6 and 7(C) Were Improper ......... 7
         a.   Exemption 6 is improperly invoked because there was not a clearly unwarranted invasion of privacy................................................................. 7
         b.   Exemption 7(C), the law enforcement exemption, is unwarranted because the public interest outweighs the government's interest in non-disclosure. .............................. 8
   C.   *In Camera* Review ....................................................................................... 9
III. Conclusion .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*ACLU v. DOJ*, 655 F.3d 1 (D.C. Cir. 2011) .................................................................................. 9

*Amnesty Int'l. U.S.A. v. C.I.A.*, 728 F. Supp. 2d 479 (S.D.N.Y. 2010) .......................................... 3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 3

*Archives & Recs. Admin.*, 758 F.3d 168 (2d Cir. 2014) ................................................................ 6

*Associated Press v. U.S. Dep't of Defense*, 554 F.3d 274 (2d Cir. 2009) ...................................... 9

*Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62 (2d Cir. 2008) .......................................... 9

*Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262 (S.D.N.Y. 2009) 3

*Bloomberg, L.P v. Bd. of Governors of Fed. Reserve Sys.*, 601 F.3d 143 (2d Cir. 2010) .............. 6

*Brennan Ctr. for Justice v. U.S. Dep't of Justice*, 377 F. Supp. 3d 428 (S.D.N.Y. 2019) .............. 3

*Carney v. U.S. Dep't of Justice*, 19 F.3d 807 (2d Cir. 1994) ..................................................... 3, 7

*Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013) ................................................................................................................................. 3

*Doyle v. U.S. Dep't of Homeland Sec.*, 331 F.Supp.3d 27 (S.D.N.Y. 2018) .................................. 3

*Jones v. FBI*, 41 F.3d 238 (6th Cir. 1994) ................................................................................. 4, 7

*Jones-Edwards v. Appeal Bd. of the NSA Cent. Sec. Agency*, 352 F. Supp. 2d 420 (S.D.N.Y. 2005) ............................................................................................................................................ 3

*Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964 (9th Cir. 2009) ................................................ 4, 7

*Liberation Newspaper v. U.S. Dep't of State*, 80 F. Supp. 3d 137 (D.D.C. 2015) ........................ 3

*Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177 (2d Cir. 1988) .............. 9

*Morley v. Central Intel. Agency*, 508 F.3d 1108 (D.C. Cir. 2007) ................................................ 4

*N.Y. Times Co. v. United States FDA*, 529 F. Supp. 3d 260 (S.D.N.Y. 2021) .............................. 6

*Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87 (S.D.N.Y. 2012) .................................................................................................................. 4

*U.S. Dep't of Defense v. Federal Labor Relations Authority*, 510 U.S. 487 (1994) ...................... 8

*U.S. Dep't of Justice v. Reporters Committee for the Freedom of the Press*, 489 U.S. 749 (1989) 8

*Wilner v. NSA*, 592 F. 3d 60 (2d Cir. 2009) .................................................................................... 9

*Wood v. FBI*, 432 F. 3d 78 (2d Cir. 2005) ................................................................................. 7, 8

**Statutes**

5 U.S.C. § 552(a)(4)(B) .................................................................................................................. 9

5 U.S.C. § 552(b)(6) ....................................................................................................................... 7

5 U.S.C. § 552(b)(7)(C) .................................................................................................................. 9

5 U.S.C. §§552 ............................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 2

## I.   Preliminary Statement

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 et seq., seeking the production of agency records improperly withheld by Defendant United States Federal Bureau of Investigation ("FBI"), in response to requests by Plaintiff John Wilson ("Mr. Wilson" or "Plaintiff"). Mr. Wilson submits this reply memorandum of law in support of its cross-motion for summary judgment and in opposition to Defendant FBI's motion for summary judgment ("Def. Motion").

Plaintiff's motion should be granted on the basis that 1) Defendant failed to search the Delta database[1] despite it being reasonable to do so, as Plaintiff's FOIA requests identified individuals who purported to be investigating him with or on behalf of Defendant, possibly in an informant capacity, indicating documents containing Plaintiff's name were likely to exist in the Delta database; 2) Defendant failed to search the 137 and 270 Files[2] rather than merely their target indices that may have been captured by their Central Records System ("CRS"), despite it being reasonable to do so, as the 137 and 270 Files could also be reasonably assumed to contain files from the aforementioned individuals based on their possible informant statuses; and 3) Defendant failed to meet their burden to withhold documents under the personal privacy exemption, Exemption 6, and the law enforcement exemption, 7(C), as the public interest in disclosure outweighs the privacy interests, if any, for both exemptions.

In Plaintiff's previous memorandum of law in support of its cross-motion for summary judgment and in opposition to Def. Reply Brief ("Plaintiff's Memo." or "Plaintiff's Motion"), Plaintiff opposed Defendant's motion for summary judgment on the grounds that Defendant has

---

[1] Delta is the FBI's official electronic record-keeping system for Confidential Human Source ("CHS") management. Seidel Decl. 2 at 12.
[2] The 137 and 270 Files are part the FBI's informant databases. *Id.* 137 Files are CHS files and 270 Files are cooperating witness files. Seidel Decl. 1 at 14.

1

not met its burden of demonstrating entitlement to judgment as a matter of law. Plaintiff moved for summary judgment because Defendant has failed to conduct a search reasonably designed to identify and locate responsive documents. First, Defendant acknowledges that they failed to search the Delta database despite it being reasonable to do so. In Defendant's memorandum of law in support of its opposition to Plaintiff's Motion, dated January 20, 2022 ("Def. Opp. Memo"), Defendant for the first time claimed its searches in response to Plaintiff's FOIA requests were inclusive of multiple, previously-unidentified databases and indices named by Plaintiff's expert report, *see* Plaintiff's Memo, Exh. K, Dkt. 30-11, including ELSUR[3] and 137 and 270 Files.

Defendant also provided justification for its withholding of five pages of responsive documents under Exemptions 6 and 7(C). Defendant's explanations do not alter their failure to conduct a search reasonably designed to identify and locate responsive documents. Defendant failed to provide the reasonably detailed explanations why any withheld documents fall within an exemption sufficient to sustain the agency's burden, as Defendant advances only a limited privacy interest for both exemptions that does not outweigh the strong public interest that favors disclosure.

Plaintiff reiterates his requests that this Court deny Defendant's motion for summary judgment, grant Mr. Wilson's cross-motion for summary judgment, order *in camera* review of the seven pages of improperly withheld documents, and require the FBI to conduct additional searches for records responsive to Mr. Wilson's FOIA request.

## II.   Argument

### A. Adequacy of the Search
#### 1. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a

---

[3] ELSUR is the FBI's Electronic Surveillance database. Plaintiff's Memo, Exh. K, Dkt. 30-11, at 1.

motion for summary judgment, the Court draws all reasonable inferences in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

"Summary judgment is the procedural vehicle by which most FOIA actions are resolved." *Jones-Edwards v. Appeal Bd. of the NSA Cent. Sec. Agency*, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005); *see also Doyle v. U.S. Dep't of Homeland Sec.*, 331 F.Supp.3d 27, 43 (S.D.N.Y. 2018). "[O]n a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate[.]" *Brennan Ctr. for Justice v. U.S. Dep't of Justice*, 377 F. Supp. 3d 428, 433 (S.D.N.Y. 2019) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). In FOIA cases, courts may "'supervise the agency's ongoing progress, ensuring that the agency continues to exercise due diligence in processing the request.'" *Brennan Ctr. for Justice*, 377 F. Supp. at 433 (S.D.N.Y. 2019) (quoting *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013)).

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search. *Brennan Ctr. for Justice*, 377 F. Supp. 3d at 433 (S.D.N.Y. 2019) (quoting *Liberation Newspaper v. U.S. Dep't of State*, 80 F. Supp. 3d 137, 144 (D.D.C. 2015)). "[A]n agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." *Id.* (quoting *Amnesty Int'l. U.S.A. v. C.I.A.*, 728 F. Supp. 2d 479, 497 (S.D.N.Y. 2010)). It is the burden of the agency to show that it conducted a good-faith search reasonably calculated to identify the requested records. See *Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009), *aff'd sub nom. Bloomberg, L.P. v. Bd. of Governors of the Fed. Reserve Sys.*, 601 F.3d 143 (2d Cir. 2010) (citation omitted). In order to establish that an agency has conducted an adequate search, the agency "must 'show

3

beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 877 F. Supp. 2d 87, 95 (S.D.N.Y. 2012) (quoting *Morley v. Central Intel. Agency*, 508 F.3d 1108, 1114 (D.C. Cir. 2007)). Where potential government misconduct is at issue, the government's burden to prove the applicability of an exemption is especially important, because the government has every incentive to provide as little information as possible in its affidavits to avoid public embarrassment. *Jones v. FBI*, 41 F.3d 238, 242–43 (6th Cir. 1994). Government misconduct can "undermine the presumed veracity of [the government's] affidavits," *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 990 (9th Cir. 2009) (citing *Jones*, 41 F.3d at 249), and in such situations, the Court "must play a more active role" to serve as a check against the government's incentives to hide misconduct and "to ensure that the agency's assertions are reliable." *Jones*, 41 F.3d at 242–43.

    2. *The FBI Failed to Conduct an Adequate Search as Mr. Wilson's FOIA Requests Indicated Responsive Information Could be Found in Delta and 137 and 270 Files*
       a.  <u>Delta Files</u>

Delta is the FBI's official electronic record-keeping system for the management of the FBI's Confidential Human Source ("CHS") program, a program which contains in relevant part the identity of confidential sources and cooperating witnesses and the information furnished by those confidential sources or cooperating witnesses. Seidel Decl. 2 at 12 and 6. The defendant did not search the Delta database despite it being reasonable to do so. Plaintiff described in his FOIA requests interactions with individuals whose behavior was consistent with a confidential source or cooperating witness. Seidel Decl. 2 at 12. Defendant does not allege that any information from the Delta file system, even target indices, could have been produced by their search of CRS. *Id.*

However, as with the 137 and 270 Files, "a reasonable search should have included searching Delta… particularly since the plaintiff provided specific identifying information related

4

to his request, precisely narrowing the search parameters." Adams Exh. K. Defendant acknowledges that Plaintiff has provided information detailing individuals purporting to work with or on behalf of Defendant FBI in some capacity, including possibly an informant capacity, discussed their work with the FBI with Plaintiff. Seidel Decl. 2 at 17. Defendant asserts that despite this, "the information provided by Plaintiff… [was] insufficient to lead the FBI to believe that records would exist in Delta." *Id.* Defendant provides no justification for this conclusion or an indication of which circumstances *would* trigger a search of Delta. It would have been reasonable to search Delta; therefore Mr. Wilson's summary judgment motion should be granted and the FBI should be ordered to search that database.

      b. <u>ELSUR, 137 and 270 Files</u>

File classification numbers 137 and 270 ("137 and 270 Files") are maintained by the FBI as part of their CHS program. Defendant, by its own admission, did not conduct a search of the 137 and 270 Files. "A reasonable search [in response to Plaintiff's FOIA requests] should have included searching… 137 and 270 files particularly since the plaintiff provided specific identifying information related to his request, precisely narrowing the search parameters." Plaintiff's Eagle Security Group Expert Report, Declaration of Katherine "Q" Adams ("Adams"), Dkt. 30, Exh. K. In his first and second FOIA requests, Mr. Wilson informed Defendant that he had been "approached by undercover agents/employees/others who work for or on behalf of the FBI," and that one of the individuals had conducted an extensive interview of him and showed him an FBI identification card. *See* Complaint, Dkt. 1, Exh. 1 and 4. This information would have told a records access officer that the Delta database and the 137 and 270 Files would have been likely places to find responsive documents.

Defendant suggests their search as reasonable despite their failure to search the 137 and 270 Files because "[i]f 137 or 270 file classifications exist concerning or mentioning Plaintiff, those files would have been indexed to Plaintiff, either as a main entry or a reference entry, and

5

would have been located within the CRS indices *via* the searches conducted in response to Plaintiff's FOIPA requests." Def. Opp. Memo at 6, citing Seidel Decl. 2 at 5. However, Plaintiff's Eagle Security Group Expert Report contradicts this assertion:

> Seidel states in his Declaration [Seidel Decl. 1], page 12, paragraph 31, that "ELSUR indices is a separate system of records, but this does not mean that the data housed within the ELSUR indices is not also available in the CRS because targets of electronic surveillance are also indexed in the CRS." The issue is, while the "targets" are indexed to CRS, ACS and Sentinel, as Seidel explained in his declaration, the references are not. Thus, if the plaintiff were referenced in the ELSUR file, it would not necessarily be discoverable through a CRS, ACS or Sentinel search. The same holds true for the documents maintained in the Delta, 137 and 270 file systems. Delta[,] 137 and 270 files contain information not discoverable through CRS, ACS and Sentinel searches. Thus, a reasonable search should have included searching Delta, 137 and 270 files particularly since the plaintiff provided specific identifying information related to his request, precisely narrowing the search parameters.
> Adams Exh. K at 3-4.

Defendant's justification that the CRS search should have included indices for ELSUR and 137 and 270 Files falls short of meeting the standard of a reasonable search, which would have included an actual search of ELSUR and 137 and 270 Files rather than merely their target indices.

### B. Improper Withholding of Records

#### 1. Legal Standard

"Because FOIA manifests a strong presumption in favor of disclosure, [Courts] construe FOIA exemptions narrowly, resolving doubts in favor of disclosure and imposing on the government the burden of showing that an asserted exemption indeed applies." *N.Y. Times Co. v. United States FDA*, 529 F. Supp. 3d 260, 278 (S.D.N.Y. 2021) (quoting *Archives & Recs. Admin.*, 758 F.3d 168, 173 (2d Cir. 2014)). "The agency's decision that the information is exempt from disclosure receives no deference; accordingly, the district court decides de novo whether the agency has sustained its burden." *Bloomberg, L.P v. Bd. of Governors of Fed. Reserve Sys.*, 601 F.3d 143, 147 (2d Cir. 2010). In order for the government to meet its burden of demonstrating that

6

it properly withheld documents in a FOIA case, it must produce declarations "giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

Where potential government misconduct is at issue, the government's burden to prove the applicability of an exemption is especially important, because the government has every incentive to provide as little information in its affidavits to avoid public embarrassment. See *Jones v. FBI*, 41 F.3d 238, 242–43 (6th Cir. 1994). Indeed, government misconduct can "undermine the presumed veracity of [the government's] affidavits." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 990 (9th Cir. 2009) (citing *Jones*, 41 F.3d at 249). In such situations, the Court "must play a more active role" to serve as a check against the government's incentives to hide misconduct and "to ensure that the agency's assertions are reliable." *Jones*, 41 F.3d at 242–43.

2. *Defendant's Withholdings Pursuant to Exemptions 6 and 7(C) Were Improper*
   a. Exemption 6 is improperly invoked because there was not a clearly unwarranted invasion of privacy

Where the government withholds documents on the basis that disclosure of the documents would constitute a clearly unwarranted invasion of privacy under 5 U.S.C. § 552(b)(6), the Second Circuit employs a two-part inquiry to determine whether documents were properly withheld. First, Courts identify "whether the personal information is contained in a file similar to a medical or personnel file." *Wood v. FBI*, 432 F. 3d 78, 86 (2d Cir. 2005) (internal quotations omitted). Second, Courts perform a balancing test, weighing "the public's need for the information against the individual's privacy interest to determine whether… disclosure… would constitute a clearly unwarranted invasion of personal privacy." *Id.*

As to the first prong, the FBI has withheld in full the five pages it purports to be "similar to… a personnel file," therefore making it impossible for Plaintiffs or this Court to determine if

7

the document indeed resembles a personnel file for the purposes of a *Wood* inquiry. Even so, the second prong clearly weighs in favor of disclosure. When performing a balancing test under Exemption (b)(6), Courts weigh the alleged privacy interest "against the only relevant public interest in the FOIA balancing analysis — the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *U.S. Dep't of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 497 (1994) (*quoting U.S. Dep't of Justice v. Reporters Committee for the Freedom of the Press*, 489 U.S. 749, 773 (1989)).

Given the allegations of government misconduct at the heart of this case, *see* Affidavit of John Wilson, Adams Exh. A, the Court should find a strong public interest in disclosure that outweighs any privacy interest that may be implicated by the release of the requested information. Defendant describes the withheld pages as concerning "the FBI's investigation of the Plaintiff's complaint to the DOJ OIG," a complaint that contained an "allegation of misconduct by FBI employees to the FBI's Inspection Division." Seidel Decl. 2 at 33. Regardless of the outcome of the FBI's investigation into this allegation, the requested records shed light on precisely that which FOIA was enacted to shed light upon: the agency's performance of its statutory duties, in this case, how the FBI investigates such complaints.  As the balancing test requires by *Wood* so clearly weighs in favor of disclosure of the requested, information, Defendant has failed to meet its burden of demonstrating that the documents were properly withheld under Exemption 6.

> b. <u>Exemption 7(C), the law enforcement exemption, is unwarranted because the public interest outweighs the government's interest in non-disclosure.</u>

Exemption 7C, also known as the "law enforcement exemption," allows for the withholding of documents that the government should otherwise produce in response to a valid FOIA request where the government justifies why the documents' disclosure would implicate at

8

least one of the six specified harms identified in Exemption 7. 5 U.S.C. § 552(b)(7)(C). As with Exemption 6, Exemption 7(C) incorporates a balancing test to determine whether a privacy interest identified by the government outweighs the public interest in disclosure of the requested records. *ACLU v. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011) (internal citations omitted). While Exemption 7(C) acknowledges a lower threshold privacy interest than Exemption 6, *see Associated Press v. U.S. Dep't of Defense*, 554 F.3d 274, 286 (2d Cir. 2009), the privacy interest outlined by Defendant does not outweigh the significant public interest in disclosure described by Plaintiff in Section II(B)(2)(a), *supra*. The withheld pages are of immense interest to the public to the extent that they may shed light on how the FBI investigates complaints of misconduct at the individual agent and agency level.

Given the foregoing, Plaintiff asserts that Defendant has not demonstrated that "the information withheld logically falls within the claimed exemption[s]," and therefore summary judgment in favor of Defendant is not warranted. *Wilner v. NSA*, 592 F. 3d 60, 73 (2d Cir. 2009).

**C. *In Camera* Review**

"Under 5 U.S.C. § 552(a)(4)(B), district courts are authorized to conduct in camera review of disputed documents to determine whether the documents, in whole or part, are properly withheld under a FOIA exemption." *Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008). *In camera* review is appropriate where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld. *Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 67 (2d Cir. 2008) (citing *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988)). The potential government misconduct alleged by Plaintiff in his FOIA requests and Affidavit, together with the low burden of the seven total pages of documents at issue, should encourage the Court to exercise

its discretion and review the withheld documents to determine whether the withholdings were proper.

### III. Conclusion

For the reasons stated herein, Mr. Wilson respectfully requests that this Court deny Defendant's motion for summary judgment and grant Mr. Wilson's cross-motion for summary judgment. Defendant acknowledges that they failed to search the Delta database despite it being reasonable to do so, and further failed to conduct a proper search of the 137 and 270 Files despite it being reasonable to do so. Defendant did not overcome their burden for withholding documents under the enumerated exemptions, particularly with the heightened scrutiny advised for affidavits produced in defense of possible governmental misconduct. Additionally, Mr. Wilson requests the Court order *in camera* review of the seven pages of withheld documents. Finally, Mr. Wilson requests the Court require the FBI to conduct additional searches for records responsive to Mr. Wilson's FOIA request.

Dated:          February 3, 2022
                New York, New York

                                        Respectfully submitted,

                                        By: _____
                                        Katherine "Q" Adams
                                        Beldock, Levine & Hoffman, LLP
                                        99 Park Avenue, PH/26th Fl.
                                        New York, New York 10016
                                        t: 212-277-5824
                                        e: QAdams@blhny.com

                                        David B. Rankin
                                        t: 212-277-5825
                                        e: DRankin@blhny.com