**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN WILSON,

                    Plaintiff,

    - against -                                  20 Civ. 10324 (LAK) (SDA)

FEDERAL BUREAU OF INVESTIGATION,

                    Defendant.

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

September 9, 2022

DAVID B. RANKIN
Beldock Levine & Hoffman LLP
Counsel for Plaintiff
99 Park Avenue, PH/26th Floor
New York, NY 10016
Telephone: (212) 277-5825
drankin@blhny.com

KATHERINE "Q" ADAMS
Telephone: (212) 277-5824
qadams@blhny.com

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. iii

I.      Preliminary Statement ............................................................................................... 1

II.     Argument ................................................................................................................... 2

  A.    Plaintiff is entitled to and eligible for an award of attorneys' fees under the Freedom of
        Information Act ....................................................................................................... 2

    1.   Plaintiff is eligible for attorneys' fees under FOIA because he obtained relief through
         a judicial order. ..................................................................................................... 2

    2.   Plaintiff is eligible for attorneys' fees under FOIA because he obtained relief through
         a voluntary or unilateral change in position by the agency. .................................... 3

    3.   Plaintiff is entitled to attorneys' fees under FOIA because the Pietrangelo factors
         weigh in favor of a finding of entitlement. ............................................................ 5

  B.    The attorneys' fees and costs requested by plaintiff are reasonable. .................................. 6

    1.   The hours expended by Plaintiff's attorneys during this litigation were reasonable .... 6

    2.   The hourly rates requested by Plaintiff's attorneys are reasonable. ........................... 7

III.    Conclusion ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Abdell v. City of New York*, No. 05 Civ. 8452, 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015).......... 9

*Barbour v. City of White Plains*, 788 F. Supp. 2d 216 (S.D.N.Y. 2011)....................................... 8

*Ctr. for Popular Democracy v. Bd. of Governors of the Fed. Res. Sys.*, 2021 U.S. Dist. LEXIS
    159489, at *12 (E.D.N.Y. Aug. 20, 2021) ....................................................................... 3, 4, 6

*Grand Canyon Tr. V. Bernhardt*, 947 F.3d 94, 445 U.S. App. D.C. 39 (D.C. Cir. 2020).............. 4

*Lilly v. City of New York*, No. 16 Civ. 322, 2017 WL 3493249 (S.D.N.Y. Aug. 15, 2017).......... 9

*New York Times Co. v. Cent. Intel. Agency*, 251 F. Supp. 3d 710 (S.D.N.Y. 2017) ..................... 6

*Ravina v. Columbia Univ.*, No. 16-CV-2137 (RA), 2020 U.S. Dist. LEXIS 39478 (S.D.N.Y. Mar.
    6, 2020) ...................................................................................................................................... 8

*Rozell v. Ross-Holst*, 576 F. Supp.2d 527 (S.D.N.Y. 2008) ........................................................ 8

*Schwartz v. U.S. Drug Enf't Admin.*, No. 13 Civ. 5004 (CBA) (ST), 2019 U.S. Dist. LEXIS 34165
    (E.D.N.Y. Mar. 1, 2019) ............................................................................................................ 4

*Velez v. Novartis Pharms. Corp.*, 2010 U.S. Dist. LEXIS 125945 (S.D.N.Y. Nov. 30, 2010) ...... 8

*Warren v. Colvin*, 744 F.3d 841 (2d Cir. 2014)............................................................................ 2

**Statutes**

5 U.S.C. § 552(a)(4)(E)(ii).................................................................................................. 2, 3, 4, 5

5 U.S.C. §§552 ................................................................................................................................ 1

## I.      **Preliminary Statement**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 et seq., seeking the production of agency records improperly withheld by Defendant United States Federal Bureau of Investigation ("FBI"), in response to requests by Plaintiff John Wilson ("Mr. Wilson" or "Plaintiff"). Mr. Wilson submits this reply memorandum of law in support of his motion for attorneys' fees and costs.

Plaintiff's motion should be granted on the basis that he substantially prevailed under FOIA on two separate grounds, either of which would on its own be determinative of the fees issue: (1) Mr. Wilson obtained relief in the form of a judicial order; and (2) Mr. Wilson obtained relief in the form of a voluntary or unilateral change in position by the agency. Furthermore, Mr. Wilson is entitled to fees as the four *Pietrangelo* factors weigh in favor of such entitlement. Plaintiff has satisfactorily overcome the burden to prove that Plaintiff is both eligible for and entitled to an award of attorneys' fees under FOIA.

In Plaintiff's previous memorandum of law in support of motion for fees ("Plaintiff's Memo." or "Plaintiff's Motion"), Plaintiff provided a factual background, demonstrating the facts underlying the case speak to a history of government misconduct spanning three decades. Accordingly, substantial attorney hours were dedicated to the review of documentation and gathering of additional information to fully comprehend and meaningfully litigate the request for the documents at issue in Plaintiff's FOIA Requests. An expert in FBI file systems was also retained and indeed elucidated a system that the Court then ordered the FBI to search for records, further demonstrating the complexity of the matter at hand. The attorney hours and costs expended in this case are reasonable given the context in which this FOIA suit was brought. Furthermore, the hourly rates of Plaintiff's attorneys are reasonable and consistent with their experience, skill, and reputation as a premier civil rights firm.

Accordingly, Plaintiff reiterates his requests that this Court grant him Plaintiff reiterates his requests that this Court grant him an award of reasonable attorneys' fees in the amount of $54,410.00 to Plaintiff's attorneys, as well as $9,470.42 in out-of-pocket costs both he and his attorneys expended in this litigation.

## II.     Argument

### A. Plaintiff is entitled to and eligible for an award of attorneys' fees under the Freedom of Information Act.

FOIA instructs the Courts to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). Mr. Wilson substantially prevailed in two manners, either of which would on its own be sufficient to render him eligible for an award of attorneys' fees. First, Mr. Wilson has "obtained relief through… a judicial order" requiring the FBI to run an additional search for records responsive to his request. 5 U.S.C. § 552(a)(4)(E)(ii). Second, Mr. Wilson "obtained relief through… a voluntary or unilateral change in position by the agency" in which the FBI conducted a new search and produced new documents in response to Plaintiff's lawsuit. *Id.* Accordingly, Mr. Wilson has substantially prevailed under FOIA and is therefore eligible for an award of attorneys' fees. Furthermore, Mr. Wilson is *entitled to* attorneys' fees, as the four *Pietrangelo* factors for determining entitlement under FOIA weigh in his favor.

> *1. Plaintiff is eligible for attorneys' fees under FOIA because he obtained relief through a judicial order.*

Mr. Wilson is eligible for attorney's fees as he unambiguously obtained relief through this Court's February 16, 2022 judicial order. The Court may assess "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). It is the plaintiff's burden to prove it substantially prevailed in the FOIA litigation. *Warren v. Colvin*, 744 F.3d 841, 844 (2d Cir. 2014).

2

The statute provides, in relevant part, that "a complainant has substantially prevailed if the complainant has obtained relief through… a judicial order." 5 U.S.C. § 552(a)(4)(E)(ii).

On February 15, 2022, the Honorable Stewart D. Aaron, United States Magistrate Judge, issued his Report and Recommendation, granting Mr. Wilson's request that he find the FBI had failed to meet the burden of conducting an adequate search for the requested records given its failure to search the Delta record-keeping system, and compelling Defendant to conduct an expanded search for the requested records. By obtaining the requested relief through this judicial order, Mr. Wilson immediately the standard of "substantially prevailing" present in the text of FOIA and supported by caselaw. *Ctr. for Popular Democracy v. Bd. of Governors of the Fed. Res. Sys.*, 2021 U.S. Dist. LEXIS 159489, at *12 (E.D.N.Y. Aug. 20, 2021) (A plaintiff substantially prevails in FOIA litigation where he obtains a judicial order requiring an agency to conduct an expanded search for requested records.)

Notably, the Defendant does not and cannot dispute that Mr. Wilson obtained relief through a judicial order. Instead, the Defendant attempts without success to read into the statute requirements that do not exist and have no basis in caselaw: that a plaintiff must obtain *all* forms of relief they requested of the Court to have been found to "substantially prevail," *see* Defendant's Memo at 9, and that a judicial order compelling an agency to undertake an expanded search must result in the discovery of further documents. *Id.* Defendant cites to no caselaw supporting either of these invented requirements, and the Court should decline to read them into the clear and plain language of the FOIA statute.

> 2. *Plaintiff is eligible for attorneys' fees under FOIA because he obtained relief through a voluntary or unilateral change in position by the agency.*

Additionally, Mr. Wilson is eligible for attorney's fees under FOIA., as his lawsuit against Defendant substantially caused a voluntary or unilateral change in position by the FBI. A plaintiff

has substantially prevailed under FOIA when they "obtained relief through… a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii). This "catalyst theory" of fee eligibility is satisfied where a plaintiff demonstrates "the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released." *Ctr. for Popular Democracy*, 2021 U.S. Dis. LEXIS 159489 at *11 (citing *Schwartz v. U.S. Drug Enf't Admin.*, No. 13 Civ. 5004 (CBA) (ST), 2019 U.S. Dist. LEXIS 34165 at *3 (E.D.N.Y. Mar. 1, 2019) (internal quotation omitted)). "[T]he plaintiff has the burden of showing that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Id.* (citing *Grand Canyon Tr. V. Bernhardt*, 947 F.3d 94, 97, 445 U.S. App. D.C. 39 (D.C. Cir. 2020)).

Defendant once again attempts to avoid the obvious conclusion that Mr. Wilson substantially prevailed under the plain meaning of FOIA by inventing an additional requirement: that the documents produced by an agency after a Plaintiff's lawsuit catalyzes additional production must be substantially different than any documents previously released to the Plaintiff. *See* Defendant's Memo at 10. Defendant cites to neither any place in the statute nor any caselaw to support such a requirement and the Court should decline to read it into the clear guidance of FOIA.

Also, the documents produced in response to this litigation were not "duplicates" of earlier documents. The documents are clearly not identical, and each set contains information not present in the other. One set, as Defendant admits, contains "handwritten notes." *See* Defendant's Memorandum of Law, Dkt. 67, at 10 fn. 1 ("Defendant's Memo"). Defendant erroneously categorizes the handwritten notes as "illegible scribbles." *Id.* at 10. The handwriting is clearly legible in many places and indeed contains valuable information relating to the function of government—the very purpose of FOIA. For example, the handwriting on page 2 of Defendant's

Exhibit A identifies that no records exist for the first and third subjects of a complaint (indicated by the known FBI abbreviation "NR"), while the second subject is noted to be "only one w/ record." *See* Exh. A to Defendant's Memo at 2. This provides valuable information that the FBI is in fact in possession of a record in relation to one of the individuals subject to a complaint by Mr. Wilson. The second set is less heavily redacted than the first; for example, page 1 of Exhibit A contains a previously-redacted clause of a sentence that one can now see reads, "specifically SA Steven Garber, New York; SA Livingston Sutro, Arizona; and SA Susan Holmes, Washington D.C.." *Id.* at 1.

Furthermore, Defendant's Exhibit A is misleading. Not one but *two* new versions of the document comprising Exhibit A produced to Mr. Wilson on April 2, 2021. *See* Defendant's April 2, 2021 Production, Exh. J to Declaration of Katherine "Q" Adams in Support of Plaintiff's Cross-Motion for Summary Judgment, Dkt. 40-10 at pp. 11 and 18. The additional version of the document not included in Defendant's Exhibit A lacks a redaction present in other versions, allowing one to read a handwritten note that says, "PD Division since 1990." *Id.* at 11. "PD," a known FBI abbreviation for Portland, provides important information that subject #2 may have been known to the FBI's Portland division since 1990.

It is therefore apparent that Mr. Wilson's FOIA lawsuit was the catalyst for the release of records that the FBI would not have otherwise produced or made public, and Mr. Wilson is eligible for attorneys' fees under FOIA. 5 U.S.C. § 552(a)(4)(E)(ii).

> 3. *Plaintiff is entitled to attorneys' fees under FOIA because the Pietrangelo factors weigh in favor of a finding of entitlement.*

Mr. Wilson is entitled to an award of attorneys' fees under FOIA as the four *Pietrangelo* factors weigh in favor of a finding of such entitlement. The four factors weighed by the Court to determine if a plaintiff is entitled to an award of attorneys' fees are: (1) the public benefit derived

from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the agency had a reasonable basis for withholding requested information. *Pietrangelo v. U.S. Army*, 568 F.3d 341, 343 (2d Cir. 2009); *New York Times Co. v. Cent. Intel. Agency*, 251 F. Supp. 3d 710, 713 (S.D.N.Y. 2017). As discussed in depth in Plaintiff's Memo, Mr. Wilson's request (1) resulted in a public benefit and was undertaken (2) with no commercial goals and (3) for the sole purpose of increasing public information about the functions of the FBI. *See* Plaintiff's Memo at Section (I)(D)(ii).

The fourth factor is the least subjective of all the *Pietrangelo* factors and is met where the Court issues an order compelling an agency to conduct a new search in order to meet the standard of conducting a reasonable search for the requested records. *Ctr. for Popular Democracy,* 2021 U.S. Dist. LEXIS 159489 at *25-26. Defendant is disingenuous in arguing that this factor weighs against Mr. Wilson because, in Defendant's words, the Court "to a large extent, found its search adequate." On the contrary, this Court's February 16, 2022 Report and Recommendation found that the FBI had failed to conduct an adequate search for the requested records given its failure to search the Delta record-keeping system, and compelled Defendant to conduct a new search. Dkt. No. 49. Defendant manifestly did not have a reasonable basis for failing to conduct a reasonable search, and the fourth and final *Pietrangelo* factor weighs in Mr. Wilson's favor. This Court should therefore find Mr. Wilson is entitled to an award of attorney's fees under FOIA.

**B.  The attorneys' fees and costs requested by plaintiff are reasonable.**

*1.  The hours expended by Plaintiff's attorneys during this litigation were reasonable.*

Given the sensitive and complex nature of the government misconduct at the heart of this case and the decades of incidents to review and discuss with the client, the hours expended by Plaintiff's attorneys in support of this litigation were reasonable. Determining the reasonableness of the hours expended is not a question of "whether hindsight vindicates an attorney's time

6

expenditures, but instead, if "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (declining to engage in "an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.").

In addition to the record of FOIA requests and correspondence predating Plaintiff's retention of his attorneys, Plaintiff's attorneys thoroughly reviewed, annotated, and vetted roughly one thousand pages of documentation gathered by Mr. Wilson over the course of the nearly thirty years that he has been subject to a campaign of harassment and interference. To avoid wasting both the agency's and this Court's time and resources on a frivolous case, Plaintiff's attorneys undertook careful verification of the information provided by Mr. Wilson, including through conversations with Mr. Wilson and experts on law enforcement investigations and file systems. Furthermore, synthesis of three decades of incidents and nearly one thousand pages of documentation into a condensed, twenty-seven-page affidavit by Mr. Wilson in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment involved a substantial number of attorney hours. The hours expended by Plaintiff's attorneys in the course of this litigation were therefore reasonable.

2. *The hourly rates requested by Plaintiff's attorneys are reasonable.*

Plaintiff has sufficiently demonstrated the reasonableness of the rates requested by his attorneys. As discussed in greater detail in Plaintiff's Memo, the Courts rely on the lodestar method to determine a reasonable rate, looking "to the prevailing market rates" in the relevant District. *Perdue*, 559 U.S. 542, 552; *see also Arbor Hill*, 522 F.3d at 191. Additionally, Courts compare the rates requested to the rates counsel typically charges their paying clients. *Arbor Hill*, 522 F.3d at 190 (finding that a "reasonable hourly rate is the rate a paying client would be willing to pay").

Defendants do not cite to any case justifying the recommendation of an extraordinary 90% reduction in the requested award of attorney's fees and costs and fail to demonstrate that the hourly rates of Plaintiff's attorneys were unreasonable. Defendants cite to cases in which lower hourly rates than those requested by Plaintiff's attorneys were found to be reasonable, without addressing the numerous cases cited by Plaintiffs that prove his attorney's requested rates to be both reasonable and similar to prevailing market rates. First, BLH's reputation as a "premier civil rights firm" supports the rates requested. *Ravina v. Columbia Univ.*, No. 16-CV-2137 (RA), 2020 U.S. Dist. LEXIS 39478, at *14 (S.D.N.Y. Mar. 6, 2020) (noting that the firm of plaintiff's counsel had a "record of achieving significant victories in complex litigation and has been recognized as a premier civil rights firm"). Second, the hourly rate of Mr. David B. Rankin reflects the market rate for partners of similar skill, experience, and reputation. *See* Rankin Decl., Exhibit 1 to Plaintiff's Memo at ¶¶ 30-37. A rate of $575 per hour is well within the recognized range for an attorney of his caliber and experience. *Velez v. Novartis Pharms. Corp.*, 2010 U.S. Dist. LEXIS 125945, at *22 (S.D.N.Y. Nov. 30, 2010) (approving lodestar hourly rates of $750, $700, and $600 for senior attorneys); *Barbour v. City of White Plains*, 788 F. Supp. 2d 216, *aff'd*, 700 F.3d 631 (S.D.N.Y. 2011) (approving $625 hour rate in a police misconduct case for solo practitioner civil rights lawyer); *Rozell v. Ross-Holst*, 576 F. Supp.2d 527, 546 (S.D.N.Y. 2008) (awarding experienced civil rights litigator fees at $600 per hour). For further justification of Mr. Rankin's hourly rate, please see Plaintiff's Memo and Mr. Rankin's declaration.

Finally, the hourly rate of Ms. Katherine "Q" Adams reflects market rates for mid-level associates of similar skill, experience, and reputation. *See* Adams Decl., Exhibit 2 to Plaintiff's Memo at ¶¶ 20 ("Adams Decl."). A rate of $325 is well within the recognized range for a fourth-year civil rights attorney litigating in the Southern District of New York. *Lilly v. City of New York*,

No. 16 Civ. 322, 2017 WL 3493249, at *1 (S.D.N.Y. Aug. 15, 2017) ("Precedent in the Southern District of New York demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650." ) (citing *Abdell v. City of New York*, No. 05 Civ. 8452, 2015 WL 898974, at *3 (S.D.N.Y. Mar. 2, 2015)). For further justification of Ms. Adams's hourly rate, please see Plaintiff's Memo and Ms. Adams's declaration. Given Plaintiff's attorneys' reasonable rates, expended hours, and favorable results, Plaintiff should recover full attorneys' fees and costs for this litigation.

## III.   Conclusion

Plaintiff's motion for attorneys' fees and costs should be granted on the basis that Plaintiff is eligible for such an award, having substantially prevailed under FOIA on two separate grounds: first, obtaining relief through a judicial order, and second, obtaining relief through a voluntary change in position by the FBI. Furthermore, Plaintiff is entitled to fees as the four *Pietrangelo* factors weigh in favor of such entitlement. Plaintiff has satisfactorily overcome the burden to prove that he is both eligible for and entitled to an award of attorneys' fees under FOIA.

Furthermore, the hours expended and the hourly rates requested by Plaintiff's attorneys were reasonable. Plaintiff is therefore eligible for and entitled to recover the full amount requested in attorneys' fees and costs. Plaintiff respectfully requests that this court grant him an award of reasonable attorneys' fees in the amount of $54,410.00 to Plaintiff's attorneys and costs in the amount of $9,470.42. Plaintiff seeks leave to supplement his fee application for fees and costs expended in preparing the application itself if it is successful.

Dated:       September 9, 2022
               New York, New York

Respectfully submitted,

By:&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;

Katherine "Q" Adams
Beldock, Levine & Hoffman, LLP
99 Park Avenue, PH/26th Fl.
New York, New York 10016
t: 212-277-5824
e: QAdams@blhny.com

David B. Rankin
t:  212-277-5825
e: DRankin@blhny.com

10