

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

October 6, 2022

BY ECF
The Hon. Steward D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Wilson v. FBI*, No. 20 Civ. 10324 (LAK) (SDA)

Dear Judge Aaron:

      This Office represents defendant the Federal Bureau of Investigation ("FBI") in the above-captioned action brought pursuant to the Freedom of Information Act ("FOIA"). I write in response to the Court's September 26, 2022 order directing the FBI to submit a letter regarding whether the handwritten note "PD Division since 1990" had been produced to Plaintiff prior to this lawsuit being filed and, if not, to state its basis for previously withholding such information. (*See* ECF No. 70).

      Plaintiff is correct that the handwritten note "PD Division since 1990" had not been produced prior to this lawsuit. In response to Plaintiff's March 25, 2014 FOIA request (the "2014 FOIA Request"), the FBI withheld such notation pursuant to FOIA Exemptions 6 and 7(C), which balance individuals' privacy interests in protecting information from disclosure against the public interest in that particular disclosure. *See* 5 U.S.C. §§ 552(b)(6), (b)(7)(C). This information was likewise withheld on the same grounds at the administrative phase of the FOIA request at issue in this litigation, as the FBI relied upon its prior response to the 2014 FOIA Request.

      In reprocessing the records in response to this action, the FBI reached a different conclusion in its analysis of the applicability of Exemption 6 and 7(C) to the handwritten notation and decided not to withhold such notation.

      I.   <u>FOIA Exemptions 6 and 7(C)</u>

      Exemption 6 exempts from disclosure information from personnel, medical, or other similar files where disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The purpose of Exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The statutory language concerning files "similar" to personnel or medical files has been read broadly by the Supreme Court to encompass any "information which applies to a particular individual . . . sought from

government records." *Id*. at 602; *see also Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168, 174 (2d Cir. 2014). The Supreme Court has also held that information need not be intimate or embarrassing to qualify for Exemption 6 protection. *See Wash. Post Co.*, 456 U.S. at 600; *Horowitz v. Peace Corps*, 428 F.3d 271, 279 (D.C. Cir. 2005) ("Even seemingly innocuous information can be enough to trigger the protections of Exemption 6.").

Similarly, FOIA Exemption 7(C) provides protection for law enforcement information, the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In applying Exemption 7(C) courts have repeatedly recognized the "'strong interest of individuals, whether they be suspects, witnesses, or investigators, 'in not being associated unwarrantedly with alleged criminal activity." *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Dunkelberger v. DOJ*, 906 F.2d 779, 781 (D.C. Cir. 1990)). Accordingly, courts routinely find protectable privacy interests in the identities of individuals named in law enforcement records. *See, e.g., Neely v. FBI*, 208 F.3d 461, 464-66 (4th Cir. 2000) (finding that FBI Special Agents and third-party suspects have "substantial interest[s] in nondisclosure of their identities and their connection[s] to particular investigations"); *Schiffer v. FBI*, 78 F.3d 1405, 1410 (9th Cir. 1996) (stating that persons named in FBI files have "strong interest in 'not being associated unwarrantedly with alleged criminal activity'" (quoting *Fitzgibbon*, 911 F.2d at 767)); *Comput. Pros. for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996) (finding that release of names of individuals, including nonsuspects, who attended public meeting that attracted attention of law enforcement officials would impinge upon their privacy).

Exemption 6 and 7(C) privacy protected information is not limited to the names or identities of individuals. *See Horvath v. Secret Service*, 419 F. Supp. 3d 40, 47 (D.D.C. 2019). In some circumstances a FOIA request can be narrowly targeted so that, by its very terms, it is limited to privacy-sensitive information pertaining to an identified or identifiable individual. In those circumstances, redaction of the individual's name alone would not be adequate to protect the personal privacy interests at risk. *See id.* at 48 ("Redacting only an individual's name would allow a person familiar with the facts and circumstances of the investigation to identify everyone involved . . ."); *Nat'l Whistleblower Ctr. v. HHS*, 849 F. Supp. 2d 13, 30–31 (D.D.C. 2012) (holding OIG properly withheld entirety of interview reports, handwritten notes taken during witness interviews, and witness statements under Exemption 7(C) because some of the plaintiffs would be able to identify the witnesses based on the details in those documents).

Accordingly, Exemption 6 and 7(C) also applies to portions of the record or the record in its entirety as necessary to protect the individual's privacy interest. *Hunt v. FBI*, 972 F.2d 286, 288 (9th Cir. 1992) (holding that the privacy protection of an agent accused of professional misconduct could not be adequately protected by redaction of the agent's name from records, where agent's identity was known to the requestor); *Mueller v. U.S. Dep't of the Air Force*, 63 F. Supp. 2d 738, 744 (E.D. Va. 1999) (noting that when requested documents relate to a specific individual, "deleting [her] name from the disclosed documents, when it is known that she was the subject of the investigation, would be pointless"); *Chin v. U.S. Dep't of the Air Force*, No. 97-2176, slip op. at 5 (W.D. La. June 24, 1999) (observing that deletion of identifying information "fails to protect the identity of [the individual] who is named in the FOIA request"), *aff'd per curiam*, No. 99-31237 (5th Cir. June 15, 2000); *Cotton v. Adams*, 798 F. Supp. 22, 27 (D.D.C.

1992) (determining that releasing any portion of the documents would "abrogate the privacy interests" when the request is for documents pertaining to two named individuals).

Once it is determined that a record contains information concerning an individual privacy interest, the agency is required to balance the public's need for this information against the individual's privacy interest. The "only relevant 'public interest in disclosure' to be weighed in this balance is the extent to which [the] disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'" *DOD v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (quoting *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 775 (1989)); *see also Hopkins v. HUD*, 929 F.2d 81, 88 (2d Cir. 1991). Information that does not directly reveal the operations or activities of the federal government, the Supreme Court repeatedly has stressed, "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Reporters Comm.*, 489 U.S. at 773.

II. The FBI's Application of Exemptions 6 and 7(C)

On January 17, 2005, Plaintiff submitted a letter to the U.S. Department of Justice Office of Inspector General ("OIG") complaining about three individuals, Steven Garber, Susan Holmes, and Livingston Sutro, all of whom he alleged were FBI agents. (*See* ECF No. 1-3 at 8). In response to his complaint, OIG conducted an investigation into Plaintiff's allegations and notified Plaintiff that the individuals he named were not employed by the FBI. (*See id*. at 2-11).

In response to Plaintiff's March 25, 2014 FOIA request, the FBI produced records reflecting OIG's investigation into Plaintiff's complaint. One such record consists of a typed document with three sections, one for each of the individuals the Plaintiff identified in his complaint. (*See id*. at 5). In the second section, the FBI redacted a handwritten notation stating "PD Division since 1990." (*See id*. at 5).

Given its placement, the FBI believed that the handwritten notation suggests that one of the three individuals identified in Plaintiff's OIG complaint had an association with "PD Division since 1990." In determining whether such information was subject to Exemptions 6 and 7(C), the FBI determined that the redaction of the individual's identity alone would not have been adequate to protect the personal privacy interests of that individual. Accordingly, the FBI redacted this handwritten notation to protect the personal privacy interest of the individual about whom this notation applies.

At the administrative stage, the FBI believed the personal privacy interest was strong and that there was little public interest in the handwritten notation. *See Peltier v. FBI*, 218 F. App'x 30, 32 (2d Cir. 2007) (summary order) ("We also note that disclosure of personal information about cooperating witnesses and other third parties advances no cognizable public interest under FOIA."); *see also Kortlander v. Bureau of Land Mgmt.*, 816 F. Supp. 2d 1001, 1013 (D. Mont. 2011) (noting that "[c]ourts addressing Exemption 7(C) have found that the stigma of being associated with a law enforcement investigation, the potential for harassment and potential to prejudice law enforcement personnel in carrying out law enforcement functions, generally outweighs the public interest").

Accordingly, the FBI withheld the notation "PD Division since 1990" pursuant to FOIA Exemptions 6 and 7(C) during the administrative phase.

In reprocessing the records in response to the complaint filed in this action, the FBI reached a different conclusion with respect to whether Exemptions 6 and 7(C) should apply. Nevertheless, as described in the preceding paragraphs, the FBI maintains that the original withholding had a reasonable basis in law.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Tara Schwartz
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2633
E-mail: tara.schwartz@usdoj.gov