**BELDOCK LEVINE & HOFFMAN LLP**
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016

CYNTHIA ROLLINGS
JONATHAN MOORE
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
LUNA DROUBI
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

October 6, 2022

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
MARJORY D. FIELDS
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:
   **8441.01**
WRITER'S DIRECT DIAL:
**qadams@blhny.com**

**VIA ECF**

Hon. Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *John Wilson v. Federal Bureau of Information*
             20-cv-10324(LAK)(SDA)

Dear Honorable Judge Aaron:

      I represent the Plaintiff, John Wilson, in the above-referenced action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I write to provide the information requested by your Honor in your September 26, 2022 Order (Dkt. No. 70) regarding all information produced by Defendant Federal Bureau of Investigation that Plaintiff did not already possess prior to the filing of this lawsuit.

      First, Plaintiff respectfully reiterates the statutory definition under which a petitioner substantially prevails under FOIA: when the "complainant has obtained relief through… a judicial order" or "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii). This provision does not set a requirement that Plaintiff obtain any given amount of new information from their petition, only that they obtain relief in one of the enumerated manners. *See Ctr. for Popular Democracy v. Bd. of Governors of the Fed. Res. Sys.*, 2021 U.S. Dist. LEXIS 159489, at *12 (E.D.N.Y. Aug. 20, 2021) (A plaintiff substantially prevails in FOIA litigation where he obtains a judicial order requiring an agency to conduct an expanded search for requested records.); *see also Schwartz v. U.S. Drug Enf't Admin.*, No. 13 Civ. 5004 (CBA) (ST), 2019 U.S. Dist. LEXIS 34165 at *3 (E.D.N.Y. Mar. 1, 2019) (fee eligibility is satisfied where a plaintiff demonstrates "the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released.").

      Even so, Plaintiff successfully obtained new information through this lawsuit. On

BELDOCK LEVINE & HOFFMAN LLP

October 6, 2022
Page 2

September 25, 2014, Defendant produced, among other records ("Defendant's Pre-Complaint Production"), an OIG report on complaint subjects (the "Report") with certain handwritten notations and redactions. (Exhibit "Exh. 3" to Complaint, Dkt. No. 1-3, attached hereto as <u>Exh. 1</u>, at p. 5). The Complaint (Dkt. No. 1) was filed on December 8, 2020. Then, on April 2, 2021, Defendant produced, among other records ("Defendant's Post-Complaint Production") two alternative versions of the Report with differing redactions and handwritten notations. (Exh. J to Declaration of Katherine "Q" Adams in Support of Plaintiff's Cross-Motion for Summary Judgment, Dkt. No. 40-10, attached hereto as <u>Exh. 2</u>, pp. 11, 18.) One version revealed the previously-redacted notation "PD Division since 1990," the significance of which was discussed in Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 69). The new versions also show differently-sized redaction bars over the names of the subjects, which give Plaintiff an increased understanding of which of the three subjects he named correspond to which entry—and therefore, which one the handwritten notes indicate is "only one w/ record." *Id.*

Additionally, Defendant's Pre-Complaint Production included a February 10, 2006 letter (the "Letter") containing various redactions. Exh. 1. at p. 2. Defendant's Post-Complaint Production included two new versions of the Letter, which the newly un-redacted names of the investigation subjects "Steven Garber," "Livingston Sutro," and "Susan Holmes." Exh. 2 at pp. 7, 8. Defendant's Post-Complaint Production also included the release of two versions each of a letter between Plaintiff and the DOJ dated January 17, 2005 and an OIG letter dated July 27, 2005, indicating to Plaintiff that the FBI had preserved the originals and kept both clean and annotated copies of each on its systems. *Id.* at pp. 14-15, 20-21, 10, 17.

The new information produced by Defendant in response to this lawsuit sheds new light on the functions of government and, as discussed in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees, "add[s] to the fund of information that citizens use in making political choices." Dkt. No. 56 at p. 11. The altered annotations and missing redactions in the newly-produced documents contribute new information to Plaintiff's and the public's understanding of what records the Government keeps on a U.S. citizen who experienced a campaign of interference and individuals who identified themselves as working for the FBI, including one subject whom, it appears, has a record with Defendant and has been known to them since 1990.

Respectfully submitted,

Katherine "Q" Adams

Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400
qadams@blhny.com

BELDOCK LEVINE & HOFFMAN LLP

October 6, 2022
Page 3

*Attorneys for the Plaintiff*

Enclosures:
Exhibit 1 (11 pp.)
Exhibit 2 (21 pp.)