**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

JOHN WILSON,

                 Plaintiff,

  -against-                              No. 20-CV-10324 (LAK) (SDA)

FEDERAL BUREAU OF INVESTIGATION,

                 Defendant.

-------------------------------------------------------------------- X

 

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE AARON'S**
**OCTOBER 14, 2022 REPORT AND RECOMMENDATION**

 

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

*Attorneys for Plaintiff John Wilson*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................ III

PRELIMINARY STATEMENT ........................................................ 1

FACTUAL BACKGROUND ............................................................ 1

PROCEDURAL BACKGROUND ....................................................... 2

STANDARD OF REVIEW ............................................................. 6

ARGUMENT ........................................................................... 6

   I.  Plaintiff Was Entitled to an Award of Attorneys' Fees as the Four *Pietrangelo* Factors
Weighed in Favor of a Finding of Such Entitlement. ............................ 7

     A.  The First Factor Weighed in Plaintiff's Favor Because the Records Requested by
Plaintiff Were Likely to Add to the Public Fund of Information. .................... 8

     B.  The Third Factor Weighed in Plaintiff's Favor Because Plaintiff's Request was
Undertaken to Increase Public Information ...................................... 9

     C.  The Fourth Factor Weighed in Plaintiff's Favor Because the Government Did Not
Have a Reasonable Basis for Withholding the Records ............................ 10

   II.  The Hourly Rates in Attorneys' Fee Awards Must Match Current Rates that Reflect
Attorneys' Skill and Experience. ............................................. 11

   III. The Lodestar is a Reasonable Fee, and a Percentage-Based Reduction Fails to
Compensate for Reasonable Hours. ........................................... 14

   IV.  Plaintiff Should Fully Recover for His Reasonable Out-of-Pocket Costs ......... 16

CONCLUSION ....................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*6D Global Tech., Inc. v. Lu*, 2016 WL 1756920 (S.D.N.Y. May 3, 2016) .................................... 6

*Abdell v. City of N.Y.*, No. 05-CV-8453, 2015 U.S. Dist. LEXIS 25510 (S.D.N.Y. Mar. 2, 2015) ................................................................................................................................... 15, 16

*Barbour v. City of White Plains*, 788 F. Supp. 2d 216 (S.D.N.Y. May 24, 2011) ....................... 15

*Commc'ns Workers of Am., AFL-CIO v. City of New York*, 392 F. Supp. 3d 361 (S.D.N.Y. Aug. 7, 2019) ..................................................................................................................................... 16

*Davy v. Cent. Intel. Agency*, 550 F.3d 1155 (D.C. Cir. 2008) ................................................. 10, 12

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27 (D.D.C. 2016) ........ 9

*Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473 (2d Cir. 1999) ............................................... 13

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) ........................................................................... 18

*Greenburger v. Roundtree*, No. 17-CV-0329 (PGG) (SLC), 2020 WL 4746460 (S.D.N.Y. Aug. 16, 2020) ..................................................................................................................................... 14

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) ..................................................... 17

*Lilly v. City of New York*, No. 16 Civ. 322, 2017 WL 3493249 (S.D.N.Y. Aug. 15, 2017) ......... 16

*Lochren v. Cty. of Suffolk*, 344 F. App'x 706 (2d Cir. 2009) ..................................................... 13

*Margel v. E.G.L. Gem Lab Ltd.*, 2009 U.S. Dist. LEXIS 9357 (S.D.N.Y. Feb. 6, 2009) ............. 18

*McConnell v. ABC-Amega*, Inc., 338 F. App'x 24 (2d Cir. 2009) ................................................. 6

*McLaughlin v. IDT Energy*, No. 14 CV 4107, 2018 WL 3642627 (E.D.N.Y. July 30, 2018) ..... 16

*Medina v. Bother*, 2019 U.S. Dist. LEXIS 156139 (S.D.N.Y. Sept. 12, 2019) ........................... 14

*Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ............................................................. 7

*Morley v. Central Intelligence Agency*, 810 F.3d 841, 420 U.S. App. D.C. 477 (D.C. Cir. 2016) ................................................................................................................................... 10

*Mugavero v. Arms Acres, Inc.*, 2010 U.S. Dist. LEXIS 11210 (S.D.N.Y. Feb. 9, 2010) ............ 14

*Nomura Sec. Int'l, Inc. v. E\*Trade Sec., Inc.*, 280 F. Supp. 2d 184 (S.D.N.Y. Sept. 19, 2003) ..... 6

*People for the Ethical Treatment of Animals v. Nat'l Inst. of Health*, 130 F. Supp. 3d 156 (D.D.C. 2015) ................................................................................................................................... 11

*Pietrangelo v. U.S. Army*, 568 F.3d 341 (2d Cir. 2009) ................................................................ 9

*Rates Tech. v. Mediatrix Telecom*, No. 05-CV-2755, 2010 U.S. Dist. LEXIS 165509 (E.D.N.Y. Jan. 5, 2010) ........................................................................................................................ 7

*Ravina v. Columbia Univ.*, No. 16-CV-2137 (RA), 2020 U.S. Dist. LEXIS 39478 (S.D.N.Y. Mar. 6, 2020) ........................................................................................................................ 13, 19

*Velez v. Novartis Pharms. Corp.*, 2010 U.S. Dist. LEXIS 125945 (S.D.N.Y. Nov. 30, 2010) .... 15

**Statutes**

5 U.S.C. § 552(a)(4)(E)(i) ............................................................................................................ 7

5 U.S.C. § 552(a)(4)(E)(ii) ........................................................................................................... 8

5 U.S.C. §§552 ............................................................................................................................ 1

## PRELIMINARY STATEMENT

Plaintiff John Wilson objects to the Honorable Magistrate Judge Stewart D. Aaron's October 14, 2022 Report and Recommendation ("R&R") on Plaintiff's Motion for Attorneys' Fees and Costs. (Dkt. No. 73). The R&R makes several errors of fact and law in that it (1) improperly concludes that Plaintiff was not entitled to attorneys' fees under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 et seq., (2) improperly reduces the hourly rates for attorneys' fees to historical rates not matching their skill and experience, (3) imposes drastic percentage-based reductions to attorneys' hours beyond what is reasonable, and (4) improperly denied costs expended by Plaintiff. Therefore, Plaintiff respectfully requests that this Court modify the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) as described herein.

## FACTUAL BACKGROUND

Mr. Wilson is a former Wall Street mining analyst who served as an employee of SG Warburg from 1994 to 1997. Affidavit of John Wilson ("Wilson"), Declaration of Katherine "Q" Adams ("Adams") Exh. A., Dkt. No. 30 at ¶ 4. In March of 1996, Mr. Wilson authored a report ("the Report") that flagged concerns about the U.S. based mining company Freeport McMoran, including that the company was under investigation by the United States Department of State following the deaths of indigenous protestors at its Grasberg Mine in West Papua, Indonesia, among other human rights concerns. Wilson at ¶ 9. The 1996 allegations against Freeport McMoran were of significant interest to the U.S. government, as demonstrated by documents produced by the U.S. State Department ("DOS") in 2014 in response to a FOIA request not presently at issue in the instant case. Wilson at 10, *see* also 2014 DOS FOIA Request and Subsequent Production on the Grasberg Mine, Wilson at Exh. B.

Following the publication of Mr. Wilson's report, Mr. Wilson experienced a campaign of

interference and harassment by individuals who identified themselves as working for the FBI, which was eventually a factor in Mr. Wilson's moving away from the United States following interference with his employment, social and professional networks, and privacy. Wilson at ¶14. The individuals representing themselves to Mr. Wilson as working with or on behalf of the FBI gave Mr. Wilson the strong impression, and even directly told him on one occasion, that he was the subject of an FBI investigation due to the Report. Wilson at ¶¶ 38, 43, 51, and 52. One of the individuals subjected Mr. Wilson to intense questioning and represented that the interview was being undertaken at the behest of a U.S. government agency. Wilson at ¶¶ 54-55. The individual had a large amount of detailed private information on Mr. Wilson that suggested extensive research and investigation beyond the capacity of an individual in the late 1990s and early 2000s. Wilson at ¶ 97.

After more than a decade of experiencing alarming, intimidating, and harassing behavior, Mr. Wilson began undertaking efforts to understand the scope and nature of the FBI's investigation into him through a series of FOIA requests that brought about this litigation.

## PROCEDURAL BACKGROUND

On June 14, 2013, Mr. Wilson submitted a FOIA request to Defendant FBI for "all files, correspondence, or other records" concerning himself ("First Request"). Adams Exh. B. Mr. Wilson included with the First Request all required identifiers, including his full name, date of birth, place of birth, and social security number. *Id*. On January 29, 2014, Defendant sent Mr. Wilson a letter indicating they had only conducted a search of CRS and were unable to identify a main file record responsive to Plaintiff's FOIA request. Adams Exh. C.

On March 26, 2014, Plaintiff submitted a FOIA request to the FBI via email, stating "I request disclosure of all agency records concerning, naming, or relating to me. I specifically

request that the FBI perform a complete and thorough search of all filing systems and locations for all records maintained by the Bureau pertaining to me. Such a search should include, but not be limited to, files and documents captioned in (or whose captions include) my name in the title. The FBI should search the Central Records System, Electronic Surveillance Records (ELSUR), and Electronic Case File (ECF). Further, I specifically request that the Bureau conduct a text search of the ECF to identify all potentially responsive main and cross-reference files. The FBI's search should include 'main' files and 'see references.'" ("Second Request"). Adams Exh. D. The Second Request provided further information regarding the basis for Mr. Wilson's request, including his allegations of misconduct by individuals holding themselves out to be FBI employees, as well as his social security number and US passport number. *Id.*

On September 25, 2014, Defendant responded to Mr. Wilson's Second Request, indicating that 21 pages were reviewed and released 10 pages with redactions. Adams Exh. E. The pages included a February 10, 2006 letter from the Initial Processing Unit, Internal Investigations Section, Inspection Division of the FBI, to counsel for Plaintiff, responding to Plaintiff's January 17, 2005 letter alleging misconduct by FBI personnel. *Id.* Other pages include intra-agency emails on the topic of Plaintiff's letter and the resulting investigation; OIG's letter to Charlene B. Thornton, Assistant Director, Inspection Division of the FBI with their conclusions regarding the OIG complaint; a letter from Plaintiff following up on his January 17, 2005 letter; Plaintiff's original January 17, 2005 letter; and a list summary response entry for Mr. Wilson's complaint. *Id.*

On November 6, 2014, Plaintiff appealed the FBI's September 25, 2014 production, disputing the adequacy of the FBI's search for records responsive to his FOIA request. Adams Exh. F. On February 23, 2015, the U.S. Department of Justice ("DOJ") responded to Plaintiff's

appeal and affirmed the FBI's actions on Plaintiff's FOIA request, finding the FBI had conducted an adequate and reasonable search for records responsive to Mr. Wilson's FOIA request. Adams Exh. G.  Mr. Wilson submitted another FOIA request through the FBI's eFOIPA portal on October 23, 2019 ("Third Request"), again seeking all agency records concerning, naming, or relating to himself. Adams Exh. H. On October 29, 2019, Defendant responded to Mr. Wilson's request, stating the FBI had released all relevant records and no additional records could be located. Adams Exh. I.

Given the apparent inadequacy of the FBI's search in response to the Third Request, Mr. Wilson initiated this action on December 8, 2020. *See* Dkt. No. 1. Defendant filed their answer to the Complaint on March 15, 2021. *See* Dkt. No. 13 ("Defendant's Response"). On April 2, 2021, in response to this lawsuit, Defendant reviewed 22 pages of documents and released 5 new, additional pages of documents with redactions. Adams Exh. J.

The parties jointly informed the Court that Mr. Wilson intended to challenge the adequacy of Defendant's search and filed a proposed briefing schedule for summary judgment on April 26, 2021. *See* Dkt. No. 17. The Court approved the summary judgment briefing schedule on April 27, 2021. *See* Dkt. No. 18. On September 13, 2021, Defendant filed a motion for summary judgment. *See* Dkt. Nos. 22-24. On November 17, 2021, Plaintiff filed an opposition to Defendant's motion and a cross-motion for summary judgment. *See* Dkt. No. 28. On November 19, 2021, both parties agreed to and the Court so-ordered a modified briefing schedule calling for both parties' cross-motions and reply briefs to be filed on February 3, 2022. *See* Dkt. 34. Accordingly, on February 3, 2022, Defendant filed a motion for summary judgment and their reply and opposition to Plaintiff's cross-motion for summary judgment. *See* Dkt. Nos. 35-37; 41-42. Also on February 3, 2022, Plaintiff filed their cross-motion for summary judgment and opposition to Defendant's

motion for summary judgment, and their reply to Defendant's opposition of Plaintiff's cross-motion. *See* Dkt. Nos. 38-40; 43.

On February 16, 2022, the Honorable Stewart D. Aaron, United States Magistrate Judge, issued a Report and Recommendation finding the FBI had failed to meet its burden to conduct an adequate search for the records requested by Plaintiff and compelling the FBI to conduct a search of its Delta database.  Dkt. No. 44. On April 4, 2022, the Court so-ordered the February 16, 2022 Report and Recommendation. Dkt. No. 49.

On July 1, 2022, Plaintiff, having substantially prevailed in his litigation against Defendant FBI, filed a Motion for Attorneys' Fees and Costs ("Fee Motion"), Dkt. No. 59, seeking $54,410.00 in legal fees amassed over the past eighteen months of litigation and $9,470.43. in out-of-pocket costs expended by Mr. Wilson and his counsel without reimbursement over the course of this litigation. On August 25, 2022, Defendant filed their opposition to the Fee Motion. Dkt. No. 67. On September 9, 2022, Plaintiff filed their reply to Defendant's opposition. Dkt. No. 69. On September 26, 2022, Magistrate Judge Aaron ordered supplemental information from each party and scheduled oral argument on Plaintiff's Fee Motion for October 14, 2022. Dkt. No. 70. On October 14, 2022, both parties appeared for an oral argument on fees.

On October 14, 2022, Magistrate Judge Aaron filed a Report and Recommendation on Plaintiff's Fee Motion. Dkt. No. 73. The R&R recommended the Court deny Plaintiff's Fee Motion or, in the alternative, impose a drastic 80% across-the-board reduction to all entries of all timekeepers. It is to this R&R that Plaintiff now objects. On October 26, 2022, in accordance with Honorable District Court Judge Lewis A. Kaplan's Individual Rules of Practice, Plaintiff filed a Proposed Stipulation and Order by and between the Parties to extend the deadline to file objections to the R&R to November 11, 2022. Dkt. No. 77.

## STANDARD OF REVIEW

The Court reviews the R&R *de novo* since "[a]ttorneys' fee determinations are considered 'dispositive' for purposes of Rule 72 of the Federal Rules of Civil Procedure." *McConnell v. ABC-Amega*, Inc., 338 F. App'x 24, 26 (2d Cir. 2009). "The court must undertake a *de novo* review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge." *6D Global Tech., Inc. v. Lu*, 2016 WL 1756920 *1 (S.D.N.Y. May 3, 2016). Under the *de novo* standard, the Court makes an independent determination of the issue, giving no deference to any previous resolution. *Nomura Sec. Int'l, Inc. v. E\*Trade Sec., Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. Sept. 19, 2003); *see also* 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3070.2 (2d ed. 2017) (district judge "must not… rubber stamp" magistrate's facts and legal conclusions when conducting *de novo* review). The Court is not limited to consideration of evidence presented to the magistrate judge but may review the entirety of the record. Fed. R. Civ. P. 72(b). *Rates Tech. v. Mediatrix Telecom*, No. 05-CV-2755, 2010 U.S. Dist. LEXIS 165509, at *5 (E.D.N.Y. Jan. 5, 2010). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," or may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). A district court's discretion to determine what constitutes a reasonable fee "is not unfettered." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

## ARGUMENT

The Magistrate Judge's Report and Recommendation's recommendations that the Court deny Plaintiff's Fee Petition are based on manifest errors of law and fact and should be rejected by this Court for four reasons.

First, the R&R erred in recommending the Court deny Plaintiff's Fee Motion on the basis Plaintiff was not entitled to an award of attorneys' fees and costs. Mr. Wilson is entitled to an award of attorneys' fees under FOIA as the four *Pietrangelo* factors weigh in favor of a finding of such entitlement. The R&R incorrectly concludes that the first, third, and fourth factors weigh against Mr. Wilson's entitlement to attorneys' fees. Second, the R&R erred in reducing the hourly rates for attorneys' fees to historical rates not matching their skill and experience. Current, not historical, hourly rates are appropriate, especially in a multi-year litigation. The R&R recommendation based on historical rates was clearly in error.  Third, the R&R erred in imposing drastic percentage-based reductions to attorneys' hours beyond what is reasonable. Such a reduction improperly guts the work of experienced civil rights attorneys under the Magistrate's application of "rough justice." The R&R failed to justify the across-the-board reduction for all time entries of all timekeepers, let alone by such an extraordinary amount. And fourth, the R&R erred in improperly denying Plaintiff recovery of out-of-pocket costs. Plaintiff provided sufficient documentation to demonstrate that the costs incurred in pursuing and prevailing in this litigation were both reasonable and necessary for his success.

I.    **Plaintiff Was Entitled to an Award of Attorneys' Fees as the Four *Pietrangelo* Factors Weighed in Favor of a Finding of Such Entitlement.**

While the R&R correctly found that Plaintiff was eligible for an award of attorneys' fees, it erred in failing to find Plaintiff was also entitled to attorneys' fees, given that the *Pietrangelo* factors weigh in favor of such a finding. FOIA instructs the Courts to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "A complainant has substantially prevailed if the complainant has obtained relief through either— (I) a judicial order. . . or (II) a voluntary or unilateral change in position by the agency [. . .]." 5 U.S.C.

§ 552(a)(4)(E)(ii).  The R&R found that plaintiff did substantially prevail based upon both grounds and was therefore eligible for an assessment of an award of attorneys' fees. *See* R&R at 9 ("[T]he Court finds that Plaintiff substantially prevailed both by way of Judge Kaplan's April 4, 2022 Order and by having Defendant voluntarily produce a handwritten note, thus making Plaintiff 'eligible' for attorneys' fees and costs.") (citing *Jud. Watch, Inc. v. F.B.I.*, 522 F.3d 364, 370 (D.C. Cir. 2008) (orders to produce records, "even when voluntarily agreed to by the government, are sufficient to make plaintiffs eligible for attorneys' fees under FOIA").

The R&R erred, however, in failing to find that Plaintiff was entitled to an award of attorneys' fees. Mr. Wilson is entitled to an award of attorneys' fees under FOIA as the four *Pietrangelo* factors weigh in favor of a finding of such entitlement. The four factors weighed by the Court to determine if a plaintiff is entitled to an award of attorneys' fees are: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the agency had a reasonable basis for withholding requested information. *Pietrangelo v. U.S. Army*, 568 F.3d 341, 343 (2d Cir. 2009); *New York Times Co. v. Cent. Intel. Agency*, 251 F. Supp. 3d 710, 713 (S.D.N.Y. May 1, 2017). The R&R correctly found that the second factor weighed in Plaintiff's favor, but erred in finding that the first, third, and fourth factors did not weigh in Plaintiff's favor. As all four *Pietrangelo* factors weigh in Plaintiff's favor, this Court should find Plaintiff is entitled to an award of attorneys' fees and costs and grant Plaintiff's Fee Motion.

> A.  *The First Factor Weighed in Plaintiff's Favor Because the Records Requested by Plaintiff Were Likely to Add to the Public Fund of Information.*

The R&R erred in finding that the first *Pietrangelo* factor did not weigh in Plaintiff's favor as the records requested by Plaintiff add substantially to the public benefit. A FOIA case may be found to benefit the public where the agency records at issue are "likely to add to the fund of

information that citizens use in making vital political choices." *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 44 (D.D.C. 2016) (quotation & citation omitted).. "The public-benefit factor requires an assessment of 'the potential public value of the information sought,' not the public value of the information received." *Ctr. for Popular Democracy v. Bd. of Governors of the Fed. Res. Sys.*, 2021 U.S. Dist. LEXIS 159489, at *21 (E.D.N.Y. Aug. 20, 2021) (citing *Morley v. Central Intelligence Agency*, 810 F.3d 841, 843, 420 U.S. App. D.C. 477 (D.C. Cir. 2016) (quoting *Davy*, 550 F.3d at 1159)). Requested records can be found to have "potential public value" where the document sought may have even "marginally" supported a hypothesis about an issue of public interest. *Id.* As Plaintiff argued in his papers and oral argument, the records requested by Plaintiff add valuably to exactly such a fund of information. The public has enormous interest in learning what records the Government keeps on a U.S. citizen who experienced a campaign of interference and harassment by individuals who identified themselves as working for the FBI at a time when government interference with suspected environmental activists was rife. *See* Affidavit of John Wilson, Declaration of Katherine "Q" Adams Exhibit A, Dkt. No. 30. The R&R therefore erred in finding the first *Pietrangelo* factor did not weigh in Plaintiff's favor.

B.   *The Third Factor Weighed in Plaintiff's Favor Because Plaintiff's Request was Undertaken to Increase Public Information*

The R&R erred in finding the third *Pietrangelo* factor did not weigh in favor of Plaintiff's entitlement to fees as Plaintiff's Request was undertaken to increase the wealth of public information on the government. The second and third factors for determining entitlement to attorneys' fees under FOIA are often considered together. *See New York Times*, 251 F. Supp. 3d at 713. They are intended to discourage the awarding of attorneys' fees and costs to for-profit Plaintiffs or those who otherwise have commercial motivation for seeking records. *Ctr. for Popular Democracy,* 2021 U.S. Dist. LEXIS 159489 at *22 (citing *People for the Ethical*

*Treatment of Animals v. Nat'l Inst. of Health*, 130 F. Supp. 3d 156, 165 (D.D.C. 2015)).  Defendant concluded and the R&R correctly found the second factor, the commercial benefit of a request to a plaintiff, to weigh in favor of the Plaintiff. *See* R&R at 11 ("With respect to the second factor, the parties are in agreement that Plaintiff did not derive any commercial benefit from this case.") (*Citing* Pl.'s 7/13/22 Mem. at 12; Def.'s 8/25/22 Mem. at 11.). The Plaintiff in the instant case is a private individual and had no commercial motivation in seeking the requested records.

The R&R erred, however, in finding that the related, third factor—the nature of the Plaintiff's interest in the records—did not weigh in favor of a finding of Plaintiff's entitlement to attorneys' fees and costs. The Courts encourage awards of attorneys' fees where a plaintiff seeks information for public informational purposes. *Ctr. for Popular Democracy,* 2021 U.S. Dist. LEXIS 159489 at *22 (citing *PETA,* 130 F. Supp. 3d at 165).  As discussed during oral argument, Plaintiff maintains an online accounting of the experiences at the heart of this suit to inform the public about the pattern of misconduct of the government against one of its own citizens. Plaintiff undertook this litigation not for any commercial or private purpose, but wholly to contribute to the fund of information available to the public about the government misconduct underlying his claims. Plaintiff therefore objects to the finding that the third factor did not weigh in favor of Plaintiff's entitlement to fees.

### C.  The Fourth Factor Weighed in Plaintiff's Favor Because the Government Did Not Have a Reasonable Basis for Withholding the Records

The R&R erred in not finding the fourth factor—the agency's reasonable basis for withholding requested information—to weigh in favor of the Plaintiff's entitlement to attorneys' fees and costs. The fourth factor "considers whether the agency's opposition to disclosure had a reasonable basis in law, and whether the agency had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *Ctr. for Popular Democracy,* 2021 U.S.

Dist. LEXIS 159489 at *22 (quoting *Davy v. Cent. Intel. Agency*, 550 F.3d 1155, 1162 (D.C. Cir. 2008) (internal quotations & citations omitted)). The factor weighs in favor of a plaintiff where the Court issues an order compelling an agency to conduct a new search in order to meet the standard of conducting a reasonable search for the requested records. *Id.* at *25-26.

The R&R failed to follow the caselaw cited by Plaintiff in establishing the standard for this factor. The R&R states paradoxically, "Defendant had a reasonable basis for refusing to search the Delta system, which search subsequently was ordered by the Court." R&R at 12. This position is inconsistent with the record in this case, which previously found Defendant failed to make the required showing regarding the adequacy of the search at issue when it failed to search the Delta record-keeping system. Dkt. No. 44 at 11. Given the Court defines the question asked in measuring adequacy as "whether the search was reasonably calculated to discover the requested documents," *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (citation omitted), this Court's determination that Defendant failed to meet the standard of an adequate search suggests the Court found Defendant's refusal to search Delta was *not* reasonable. Dkt. No. 44 at 3. The Court should therefore alter the R&R to bring it in accord with existing caselaw and find that the fourth *Pietrangelo* factor weighs in Plaintiff's favor.

Given that all four *Pietrangelo* factors should be properly found to favor a finding of Plaintiff's entitlement to an award of attorneys' fees and costs, this Court should find Mr. Wilson is entitled to such an award of attorney's fees under FOIA and grant Plaintiff's Fee Motion.

## II.   The Hourly Rates in Attorneys' Fee Awards Must Match Current Rates that Reflect Attorneys' Skill and Experience.

Plaintiff objects to the reduced hourly rates recommended by the R&R in the event that Judge Kaplan finds Plaintiff is entitled to an award of fees and costs, as they do not reflect the attorneys' skill and experience, and are no longer the current customary rates in the Southern

District of New York. Current, not historical, hourly rates are appropriate, especially in a multi-year litigation. The R&R recommendation based on historical rates was clearly in error. The Second Circuit has remanded fee awards in cases where the district court failed to award fees at current rates, as "compensation received several years after the services were rendered… is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed." *Lochren v. Cty. of Suffolk*, 344 F. App'x 706 (2d Cir. 2009); *Ravina v. Columbia Univ.*, No. 16-CV-2137 (RA), 2020 U.S. Dist. LEXIS 39478, at *20-21 (S.D.N.Y. Mar. 6, 2020); *Mugavero v. Arms Acres, Inc.*, 2010 U.S. Dist. LEXIS 11210, at *17 (S.D.N.Y. Feb. 9, 2010) (finding current rates the "appropriate means of compensating attorneys").

David B. Rankin

Plaintiff requests a $575 hourly rate for David B. Rankin, a BLH partner with 16 years of experience, rather than the $500 rate recommended. The R&R finds "$500 is a reasonable hourly rate for partner Rankin, *see Greenburger v. Roundtree*, No. 17-CV-0329 (PGG) (SLC), 2020 WL 4746460, at *6 (S.D.N.Y. Aug. 16, 2020) (finding $500 rate for Rankin reasonable)." Dkt. No. 73 at 15. Yet, as Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Costs stated, *Greenburger* involved a "single-plaintiff, single-defendant Section 1983 action in which the Complaint [was] seven pages long and in which the defendant defaulted." 2020 U.S. Dist. 147673, at *17. A $575 hourly rate is appropriate in a hard-fought case. *Medina v. Bother*, 2019 U.S. Dist. LEXIS 156139, *26 (S.D.N.Y. Sept. 12, 2019) (finding a "hard-fought case" supported a higher fee). Furthermore, *Greenburger* was decided over two years prior to the issuance of the R&R. The Magistrate Judge erred in using historical and not contemporary rates. He also did not to look to more recent cases given that "fee awards in this District have been increasing over time," as noted by Circuit Judge Richard Sullivan. *Abdell v. City of N.Y.*, No. 05-

CV-8453, 2015 U.S. Dist. LEXIS 25510, *11 (S.D.N.Y. Mar. 2, 2015). The Bureau of Labor Statistics estimates cumulative inflation between August 2020 and September 2022 (the latest month for which data is available) places the value of $500 in August 2020 at an equivalency of $570.96 in September 2022[1]—a difference of four dollars and four cents from the hourly rate requested by Plaintiff.

A current hourly rate of $575 is reasonable given Mr. Rankin's skill and experience. The R&R inappropriately failed to give due consideration to the cases cited by Plaintiff in support of Mr. Rankin's $575 fee. *See, e.g., Velez v. Novartis Pharms. Corp.*, 2010 U.S. Dist. LEXIS 125945, at *22 (S.D.N.Y. Nov. 30, 2010) (approving lodestar hourly rates of $750, $700, and $600 for senior attorneys); *Barbour v. City of White Plains*, 788 F. Supp. 2d 216 (S.D.N.Y. May 24, 2011), *aff'd*, 700 F.3d 631 (approving $625 hour rate in a police misconduct case for solo practitioner civil rights lawyer); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. May 29, 2008) (awarding experienced civil rights litigator fees at $600 per hour).

<u>Katherine "Q" Adams</u>

Plaintiff requests a $325 hourly rate for Katherine "Q" Adams, a BLH associate with 4 years of experience, rather than the $200 rate recommended. The R&R finds "$200 is a reasonable hourly rate for associate Adams. *See Loc. 1180, Commc'ns Workers of Am., AFL-CIO v. City of New York*, 392 F. Supp. 3d 361, 380 (S.D.N.Y. Aug. 7, 2019) (finding $200 hour rate for junior associate reasonable)." Dkt. No. 73 at 15. The case relied upon by the R&R's determination of a $200 fee for Ms. Adams is inapposite. Ms. Adams is a fourth-year, mid-level associate, not a junior associate. *See* Declaration of Katherine "Q" Adams, Exhibit 2 to Plaintiff's Memo in Support of Fee Motion, Dkt. No. 62 at ¶¶ 12. The Courts award mid-level associates a higher hourly rate than junior associates.

---

[1] https://www.bls.gov/data/inflation_calculator.htm

*McLaughlin v. IDT Energy*, No. 14 CV 4107, 2018 WL 3642627, at *17 (E.D.N.Y. July 30, 2018) (noting propriety of an award of $300 for associates with three to five years of experience). A current hourly rate of $325 is reasonable given Ms. Adams's skill and experience. *See, e.g.*, *Lilly v. City of New York*, No. 16 Civ. 322, 2017 WL 3493249, at *1 (S.D.N.Y. Aug. 15, 2017) ("Precedent in the Southern District of New York demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650.") (citing *Abdell v. City of New York*, No. 05 Civ. 8452, 2015 WL 898974, at *3 (S.D.N.Y. Mar. 2, 2015)). The Magistrate Judge again erred in using historical, rather than contemporary rates, and failed to look to more recent cases given that "fee awards in this District have been increasing over time." *Abdell,* 2015 U.S. Dist. LEXIS 25510 at *11.

### III.    The Lodestar is a Reasonable Fee, and a Percentage-Based Reduction Fails to Compensate for Reasonable Hours.

Plaintiff objects to the recommended drastic 80% percent reduction to the attorneys' hours, which improperly undercuts the work of experienced civil rights attorneys under the Magistrate's application of "rough justice." The R&R improperly reduced BLH hours based on "degree of success." Yet the Court should not limit a fee award "simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. 424, 435–36 (1983). Plaintiffs "in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998) (quoting *Hensley*, 461 U.S. at 435) (removed emphasis). Plaintiff did not achieve *de minimis* success simply because they did not prevail on all claims raised in this lawsuit. Plaintiff's attorneys achieved substantial success and favorable results by catalyzing the release of additional information by the FBI, *see* Plaintiff's Letter to the Court,

dated October 6, 2022, Dkt. No. 72, and obtaining a judicial order finding the FBI's search for records to have been inadequate, Dkt. No. 49.

Furthermore, the R&R erred in recommending "an 80% across-the-board reduction in the hours of the timekeepers." Dkt. No. 73 at 16. The R&R does not cite to any case as precedent for an across-the-board reduction in hours, let alone one demonstrating an extraordinary 80% reduction. Additionally, the R&R justifies such an across the board reduction on the basis of a single example of what the R&R considered to be excessive billing, the complaint, Dkt. No. 1. Yet determining the reasonableness of the hours expended is not a question of "whether hindsight vindicates an attorney's time expenditures, but if, 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (declining to engage in "an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.") The R&R dramatically oversimplifies the attorney work involved in the initiation of this litigation by concluding 60 hours were excessive for producing a five-page complaint. In order to bring the Complaint before the Court, Plaintiff's attorneys—aware of the sensitive and complex nature of the government misconduct at the center of the case—first undertook a thorough review, annotation, and vetting of approximately one thousand pages of documentation gathered by Mr. Wilson over the course of three decades. To avoid wasting both the agency's and this Court's time and resources on a frivolous case, Plaintiff's attorneys undertook careful verification of the information provided by Mr. Wilson, including through conversations with Mr. Wilson and experts on covert law enforcement investigations and file systems.

Even if the Court were to adopt the R&R's opinion that attorneys spent excessive time on the complaint—an opinion with which Plaintiff's attorneys respectfully but strenuously disagree—

it does not follow that a reduction for one item should be applied to all work done by all timekeepers. *See Margel v. E.G.L. Gem Lab Ltd.*, 2009 U.S. Dist. LEXIS 9357, at *18 (S.D.N.Y. Feb. 6, 2009) (examining problematic time entries and applying a 20 percent deduction *to those entries* as a means of eliminating waste). There is no showing that the time sheets contain so many objectionable entries such that they would support an 80% across the board reduction.

## IV.    Plaintiff Should Fully Recover for His Reasonable Out-of-Pocket Costs

Plaintiff expended a significant amount of money to ensure success in this litigation and should be properly reimbursed for his out-of-pocket costs, including expenses paid to experts. Plaintiff objects to the R&R's failure to award his costs for all experts. "[C]ourts in this District routinely reimburse prevailing parties for the costs of expert witnesses and consultants, regardless [of] whether the expert testified at trial." *Ravina*, 2020 U.S. Dist. LEXIS 39478, at *45. The R&R explicitly finds that Plaintiff substantially prevailed under FOIA for the purposes of assessing an award of attorneys' fees and costs. *See* R&R at 9 ("[T]he Court finds that Plaintiff substantially prevailed both by way of Judge Kaplan's April 4, 2022 Order and by having Defendant voluntarily produce a handwritten note, thus making Plaintiff 'eligible' for attorneys' fees and costs.")

Plaintiff retained a former FBI employee at Eagle Security Group, Inc. to speak to the inadequacy of the FBI's search and submit a written report as an exhibit to Plaintiff's Cross Motion for Summary Judgment. Dkt. No. 40 at Exh. K. Without Plaintiff's expert, Plaintiff would not have been aware of the existence of the Delta database and could not have obtained the Court's order compelling the FBI to search that database for the requested records. Plaintiff submitted all necessary documentation to confirm the amount paid to the expert for services rendered. Dkt. No. 62, Adams Decl. at Ex. 2. The R&R states in error that "Plaintiff has provided no information about the investigator fee other than the amount charged." Dkt. No. 73 at 18. This contradicts, rather than supports, the R&R's previous paragraph, which acknowledges that Plaintiffs submitted

invoices from the expert "containing the name of the expert, her hourly rate and the number of hours worked. (See Eagle Security Invoices, ECF No. 62-2.)" *Id.* As a prevailing party, Plaintiff objects to the R&R's failure to order reimbursement of costs reasonably expended in procuring expert services.

## CONCLUSION

The Magistrate Judge's Report and Recommendation erred in denying Plaintiff's Fee Motion based upon a finding that Plaintiff was not entitled to an award of attorneys' fees under FOIA, as the four *Pietrangelo* factors weigh in favor of Plaintiff's entitlement. The Report and Recommendation further erred in finding, in the alternative, Plaintiff's fee award should be reduced by a drastic 80%, as Plaintiffs' attorneys charged reasonable rates with precedent in case law, expended a reasonable number of hours on this case, and achieved favorable results.

Based on the foregoing, Plaintiff respectfully objects to the Magistrate Judge's Report and Recommendation as identified above and recommends that the Court award the fees and costs outlined in the Adams Declaration. In addition, given the attorney hours that have been expended in litigating this fee issue due to Defendant's failure to negotiate fees in good faith, this Court should award fees and costs going forward based on Plaintiff's original fee and costs submission.

Dated:      New York, New York
            November 11, 2022

                            Respectfully submitted,

                            BELDOCK LEVINE & HOFFMAN LLP

                            By: _____
                                Katherine "Q" Adams
                                Beldock, Levine & Hoffman, LLP
                                99 Park Avenue, PH/26th Fl.
                                New York, New York 10016
                                t: 212-277-5824

e: QAdams@blhny.com

David B. Rankin
t:  212-277-5825
e: DRankin@blhny.com
*Attorneys for Plaintiff John Wilson*